[No. 2419]

## W. C. PITT, JOHN G. TAYOR, PETER ANKER, ET AL., APPELLANTS, *v.* J. G. SCRUGHAM, AS STATE ENGINEER, RESPONDENT.

[195 Pac. 1101]

1. INJUNCTION—ADMINISTRATIVE OFFICERS MAY BE ENJOINED FROM PROCEEDING UNDER AN UNCONSTITUTIONAL LAW.

    Parties interested in water rights may challenge the authority of any administrative officer acting under an unconstitutional law to do or threaten any act that would constitute an unlawful interference with their constitutional rights to the enjoyment of their private property.

2. WATERS AND WATERCOURSES — ACT AUTHORIZING ENGINEER TO DETERMINE RELATIVE RIGHTS HELD LEGITIMATE LEGISLATION.

    Stats. 1913, c. 140, as amended by Stats. 1915, c. 253, conferring power upon the state engineer to determine relative rights of various claimants to waters of a stream and to regulate the use thereof, is legitimate legislation; the validity of certain sections remaining open to consideration.

3. STATUTES—WATER CODE HELD NOT INVALID IN ITS ENTIRETY.

    Water code (Stats. 1913, c. 140), secs. 29, 31, 32, and section 30, as amended by Stats. 1915, c. 253, sec. 2, have for their purpose a severable and distinct object from the other sections of the act which is not dependent on their validity.

4. CONSTITUTIONAL LAW—PART OF WATER CODE HELD UNCONSTITUTIONAL AS GIVING JUDICIAL POWERS TO STATE ENGINEER.

    Water code (Stats. 1913, c. 140), secs. 29, 31, 32, and section 30, as amended by Stats. 1915, c. 253, sec. 2, *held* unconstitutional because attempting to give judicial power to the state engineer to hear and determine contests involving not relative, but vested, water rights which section 84 of the statute expressly inhibits.

5. CONSTITUTIONAL LAW — STATE ENGINEER HELD PERFORMING ADMINISTRATIVE AND NOT JUDICIAL FUNCTIONS.

Water code (Stats. 1913, c. 140), sec. 45, requires the state engineer and district courts to act as coordinate agencies to effect the speedy determination for administrative purposes of the relative rights of claimants to waters of a stream or system, and where the engineer as an administrative officer was only proceeding to do what the court might require him to do in a pending suit, the pendency of such suit furnished no grounds for enjoining the engineer from performing duties of the court.

APPEAL from Sixth Judicial District Court, Humboldt County; *C. J. McFadden,* Judge.

Suit by W. C. Pitt and others against J. G. Scrugham, State Engineer, seeking to enjoin the defendant from hearing contests relating to irrigation waters, and from an order dissolving the injunction pendente lite, the plaintiffs appeal. **Order affirmed.**

*Cheney, Downer, Price & Hawkins,* for Appellants:

The order dissolving the injunction pendente lite should be reversed, and the state engineer enjoined as in the complaint prayed.

The rights of the plaintiffs, set forth in the complaint, are vested property rights, the determination and establishment of which involve issues of law and fact of and concerning the "title, or right of possession of, real property"; the issues of law and fact concerning said rights may not be tried, determined, and established in any way or by any avenue other than that prescribed by the constitution (Const. Nev., art. 6, sec. 6) ; "contests" need not be filed with, and the state engineer may not try the same, nor make an order "determining and establishing," in the first instance, the title or the right of possession to, or the possession of, vested property rights, which would be divesting the district court of its original jurisdiction to try and determine, in the first instance, and depriving plaintiffs of their constitutional right to have the said court try and determine all questions concerning vested property rights;

and the distribution of water from the stream-system can be made by the state engineer only after the vested rights to the use of such water shall have been tried and determined and established by decree of the district court, in accordance with the provisions of the state constitution.

The application of the phrase "to determine for administrative purposes" cannot be applied in connection with the orders made and proceedings taken by the state engineer, as set forth in the complaint, as from the facts stated therein, and not denied, said orders and proceedings were to enable the state engineer to try, determine, and establish, not for "administrative purposes," but upon "contests" to try, determine, and establish vested property rights in and to real property. Vineyard L. & S. Co. v. District Court, 42 Nev. 1.

This appeal cannot be properly disposed of without a decision as to whether or not sections 29, 30, 31, and 32 of the water code are inhibited by the provisions of the constitution above cited. The hearing before the state engineer upon "contests" is in fact a trial. In Re Sucker Creek, 163 Pac. 430.

If the state engineer is to be permitted to try the case upon "contests" in the first instance, thereby settling the issues by pleadings (Water Code, sec. 35), it will be necessary for the adverse parties, in order to protect their vested property rights, to produce all evidence in support of the respective pleadings, and to take and preserve, by bill of exceptions, the errors occurring at the trial. By whom shall such bill of exceptions be settled and allowed? "This court has repeatedly held that, where the method of appeal is prescribed by the statute, it must be followed." Gill v. Goldfield Con. M. Co., 43 Nev. 1.

The "contests" are in their very nature judicial proceedings, which may result in the taking of the property of one person and giving it to another. Farmers Irrig. Dist. v. Frank, 101 N. W. 292; 3 Kinney on

Irrigation, 2d ed., sec. 1586; In Re Sucker Creek, supra. Appeals cannot be taken from the order of determination of the state engineer to the district court. Said court has neither appellate jurisdiction nor any supervisory control over officers, and is precluded from entertaining appeals or from exercising appellate jurisdiction, except as specified in the constitution. Const. Nev., art. 6, sec. 6; In Re Barber Creek, 43 Nev. 403, 407; Knox v. Kearney, 37 Nev. 393; Anderson v. Kearney, 37 Nev. 314. "It is settled that affirmative words in a constitution, that the courts shall have jurisdiction stated, naturally include a negative that they shall have no other." Lake v. Lake, 17 Nev. 230; State v. Rising, 10 Nev. 97; Leonard v. Peacock, 8 Nev. 157; Paul v. Beegan, 1 Nev. 327. "Where a court is given original jurisdiction of all cases at law and in equity, * * * and if this jurisdiction is given by a provision of the state constitution, it cannot be taken away by an act of the legislature." 39 Cyc. 586; Howell v. Moores, 19 N. E. 863; State v. Atherton, 19 Nev. 332; State v. Douglas, 33 Nev. 82.

Proceedings to try, determine, and establish vested water rights are judicial. Jurisdiction is the power to hear and determine. If the power to hear and determine exists, the right to take property from one and give it to another exists, and when that property is a vested property right, the power exercised is judicial. "It is the essential nature of an act, rather than the method of its accomplishment, which determines its character." S. P. Co. v. Bartine, 170 Fed. 725; Prentis v. Atlantic Coast L. Co., 211 U. S. 210; In Re North Powder River, 144 Pac. 485; Wattles v. Baker County, 117 Pac. 417; Farmers Irrig. Dist. v. Frank, 101 N. W. 286; Brown on Jurisdiction, sec. 2; W. U. T. Co. v. Arnold, 33 Tex. Civ. App. 306; Ill. Cent. R. Co. v. Adams, 180 U. S. 28; Venner v. Great Northern Ry., 209 U. S. 24; Charles v. White, 112 S. W. 545; Willey v. Decker, 73 Pac. 219.

Administrative proceedings do not contemplate or embrace a "contest" or "adverse pleadings" or "adverse parties" of or concerning vested property rights in or to real property. The determination of "contests" as to property rights is the exercise of judicial powers, and the proceedings are in the courts. Executive and "administrative" duties are such as concern the execution of existing laws. Brazell v. Zeigler, 110 Pac. 1052; People v. Salisbury, 96 N. W. 936; People v. Austin, 46 N. Y. Supp. 526; City of Pocatello v. Murray, 173 Fed. 382.

*L. B. Fowler,* Attorney-General; *Robert Richards,* Deputy Attorney-General, and *Norcross, Thatcher & Woodburn,* for Respondent:

The statute in question is constitutional in all respects. In view of the enactments and various statutory declarations of the state, there can be no question of the rights of the state to enact the legislation in controversy. Under the administrative provisions, each appropriator will be given, and have distributed to him, the amount of water to which he is entitled and which his necessity demands. Kansas v. Colorado, 206 U. S. 46; Guitierres v. Albuquerque L. & L. Co., 188 U. S. 545; Bergman v. Kearney, 241 Fed. 884.

It is true that the constitutionality of sections 29, 30, 31, and 32 of the water law, which provide for the filing and hearing of contests before the state engineer, has not as yet been directly passed upon; but the question has been already decided. Bergman v. Kearney, supra; Vineyard L. & S. Co. v. District Court, 42 Nev. 1.

It is clearly within the legislative power to enact laws designed to remedy general confusion and uncertainty as to title, and to require parties in possession and claiming title to establish the same in a proper proceeding. It is but the exercise of the police power of the state in the interest of the public welfare. Bergman v. Kearney, supra; Ormsby County v. Kearney, 37 Nev. 314; Farmers I. D. Co. v. Agricultural D. Co., 45

Pac. 44; White v. Farmers H. C. & R. Co., 43 Pac. 1028; Louden Irr. Co. v. Handy D. Co., 43 Pac. 535; Ex Parte Boyce, 27 Nev. 299; Noble State Bank v. Haskell, 219 U. S. 104.

The proceedings objected to are administrative and not judicial. In Re Willow Creek, 74 Or. 592; Pacific Livestock Co. v. Lewis, 241 U. S. 440; Farmers Inv. Co. v. Carpenter, 9 Wyo. 110; Enterprise Irr. Dist. v. Tri-State L. Co., 92 Neb. 121. "At most, the powers granted are quasi-judicial only." Ormsby County v. Kearney, 37 Nev. 315. It is not every exercise of judicial power or discretion that is prohibited to administrative officers under the constitution (art. 3, sec. 1), but only those judicial powers which are by the instrument itself vested in some other officer, court, or tribunal. Bergman v. Kearney, supra; Sawyer v. Dooley, 21 Nev. 390.

The acts of the state engineer, and the proceedings and steps taken by him under the water law, cannot be called "cases in equity" or "cases at law." In Re Silvies River, 199 Fed. 501; Farmers Inv. Co. v. Carpenter, supra; Ormsby County v. Kearney, supra; Miller on the Constitution, 314; State v. Stanton, 6 Wall. 50; Osborn v. Bank, 9 Wall. 738.

The order of determination has none of the elements of judicial power, which is the power of a court to decide and pronounce a judgment and carry it into effect between persons who bring a case before it for decision. Miller on the Constitution, 314; W. M. S. Co. v. Pillsbury, 156 Pac. 491; Muskrat v. United States, 219 U. S. 346; I. C. C. v. Brimson, 154 U. S. 447. No action which is merely preparatory to an order or judgment to be rendered by some different body can be properly declared judicial. Underwood v. McDuffee, 93 Am. Dec. 193.

By the Court, SANDERS, C. J.:

W. C. Pitt, John G. Taylor, and Peter Anker, with thirty-five other persons and corporations, on behalf of themselves and all others, claiming a vested property right to the use of water from the Humboldt River

stream-system, brought their suit in the district court of Humboldt County against J. G. Scrugham, as state engineer, seeking judgment and decree of the court:

(a) That the state engineer has no right or authority to try, hear, or determine "contests" concerning the vested property rights, or the relative rights, of appropriators in and to the waters of said Humboldt River stream-system; that the acts done and orders made by said state engineer in reference to or concerning the trial of all such "contests" concerning vested property rights, as set forth in the complaint, are without right or authority and invade and impair such vested rights in and to real property.

(b) That sections 18 to 39, both inclusive, and sections 45, 46, 51, 88a, and 88b, of the water code of Nevada (chapter 140, Stats. 1913, as amended by chapter 253, Stats. 1915), are, and that each of said sections is, unconstitutional, invalid, null, and void.

(c) That by virtue of the action referred to in the complaint wherein Peter Anker is plaintiff, and all persons claiming any right to the use of water of said Humboldt River stream-system are defendants, said action being for general adjudication and determination of the rights and the relative rights of all claimants and appropriators in and to the waters of said stream-system, said district court acquired original jurisdiction of the subject-matter thereof, and cannot be divested of such original jurisdiction; that the acts, orders, and proceedings of the state engineer, complained of in the complaint, are an invasion and infringement of the original jurisdiction of said district court to try, and of the rights of the parties to such suit to have tried, by the district court, the vested property rights involved in such suit; said property rights and issues involved in such suit and in the proceedings before the state engineer are identical, and involve issues of law and fact as to the title, right of possession to and the possession of real property.

(d) That all the water of said Humboldt River stream-

system, including such water as has been appropriated, was, and the unappropriated water of said stream-system now is, the property of the United States, and not of the State of Nevada; that the State of Nevada has no right or authority, by legislative act, to create an office and vest in the officer thereof power to try, establish, and determine issues of law and fact, which are determinative of the title, right of possession to, or possession of real property.

(e) That the state engineer be enjoined, pendente lite, from proceeding to hear or determine, and from making any order determining, the rights or the relative rights of plaintiffs, or either of plaintiffs, or of any other claimants, in or to the waters of said Humboldt River stream-system, which said rights were initiated and completed prior to the approval of said water code, approved March 22, 1913, and from trying any issue of law or fact arising upon "contests" between any claimants to the use of water from said stream-system, which said claimed right of use had been perfected; and from making any determination as to or concerning the vested water rights of plaintiffs or of any claimant to the use of water of said Humboldt River stream-system, which would in any way impair vested rights; that upon final hearing such injunction be made perpetual.

The injunction, pendente lite, as prayed for, was granted, and the summons and injunction served upon the state engineer on April 10, 1919. The defendant interposed a motion to dissolve said injunction, upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, and does not state facts sufficient to entitle plaintiffs to the injunction or to the relief demanded, or to any relief.

Defendant's motion to dissolve the injunction was heard; upon such hearing defendant offered in evidence the verified complaint and the temporary injunction. The plaintiffs offered in evidence the verified complaint, the printed abstract of claims, and the printed supplemental abstract of additional and amended claims to

the waters of the Humboldt River and its tributaries, compiled by the office of the state engineer; the printed synopsis of the water law of 1913, as amended by Stats. 1915, comprising rules and requirements relating to the determination of existing rights, etc., compiled by the state engineer.

The motion to dissolve the injunction, pendente lite, was granted, from which order plaintiffs have appealed.

We accept cheerfully the admonition of learned counsel for appellants that this appeal cannot be disposed of properly without a "clear-cut" decision upon the two questions, namely:

(1) Are sections 29, 30, 31, and 32 of the general water law, relative to contests initiated before the state engineer, inhibited by, or do they do violence to, the letter and spirit of section 6, article 6, Constitution of the State of Nevada?

(2) Does the suit of Peter Anker against all persons claiming any right to the use of the waters of the Humboldt stream-system entitle plaintiffs to the injunctive relief demanded by their bill of complaint?

1. As preliminary to a discussion of these questions, it is not improper to remark that we yield to the pioneer and forward citizens of Nevada, engaged in agricultural pursuits, the right to challenge the authority of any administrative officer, acting under an unconstitutional law, to do or threaten to do an act that constitutes an unlawful interference with their constitutional rights, among the most prominent of which is the enjoyment of private property. In this arid state there are but four small streams that pretend to flow for a comparatively short distance continuously throughout the year, one being the Humboldt River, whose supply of water is utilized to the greatest possible extent. It is manifest from the argumentative averments contained in plaintiffs' voluminous complaint that many of those who have been for years, and are now, entirely dependent upon the variable flow of the Humboldt for the success of

their farming enterprises look askance upon any water law, however beneficent in purpose or plan, that tends to limit or to police their right to the use of water, initiated long prior to the creation of the office of state engineer.

2.　It must be understood that the power conferred upon the state engineer by the act of 1913, as amended by the statute of 1915, to determine relative rights of various claimants to the waters of a stream or stream-system, and to regulate the use thereof, is legitimate legislation (Vineyard L. & S. Co. v. District Court, 42 Nev. 1, 171 Pac. 166; Bergman v. Kearney, 241 Fed. 884); that the statute of 1913, as amended, has been adjudged and declared to be constitutional, with the reservation that, when alleged independent sections of the law should come before us in a proper proceeding to contest their validity, we were then to consider and determine the questions involved. Vineyard L. & S. Co. v. District Court, supra.

3.　Counsel for appellants insist that the time has now come for an authoritative decision of the special question whether sections 29, 30, 31, and 32 of the present water law relative to "contests" are unconstitutional, because they attempt to confer judicial powers upon the state engineer to hear and determine questions properly and only determinable by a regularly organized court.

The act itself recognizes that its sections may be construed to be distinct and severable. Section 87 provides:

"Each section of this act and every part of each section is hereby declared to be independent sections, and parts of sections, and the holding of any section or part thereof to be void or ineffective for any cause shall not be deemed to affect any other section or any part thereof."

4.　We are of the opinion that sections 29, 30, 31, and 32 have for their purpose a severable and distinct object from the other sections of the act. With these sections eliminated, the purpose and object of the law to bring

about a speedy, summary, and effectual determination of the relative rights of various claimants to the use of water of a stream or stream-system for administrative and regulative purposes is accomplished. We are of the opinion that the sections specified are unconstitutional, because they attempt to give judicial powers to the state engineer to hear and determine contests involving not relative but vested rights, which the statute itself expressly inhibits. Section 84.

5. It is urged in the next place that the suit of Peter Anker against all the water users of the Humboldt, Little Humboldt, and their tributaries, to determine the rights to the use of the waters thereof, instituted subsequent to the proceedings before the state engineer, warrants the injunctive relief demanded. We are not in accord with this contention. The statute (section 45) expressly provides:

"In the case of any such suit now pending or hereafter commenced the same may at any time after its inception, in the discretion of the court, be transferred to the state engineer for determination as in this act provided."

It might be contended that the proper interpretation of this provision supplements the argument of counsel for appellants, that the original jurisdiction of the district court is supplanted by the proceedings before the state engineer. Section 45 of the act, read in the light of the letter and spirit of the entire act, shows that the state engineer and district courts are to act as coordinate agencies to effect, with the least possible expense, a speedy determination, for administrative purposes, of the relative rights of various claimants to the waters of a stream or stream-system, in order to make water do its full duty; that it may not be wasted, and that it shall be employed to the fullest extent. Since the state engineer in the instant case, as an administrative officer, was only proceeding to do what the court might require him to do in the Anker case, the averments of the complaint relative to its pendency furnish no ground for injunctive relief.

All other points raised and discussed by counsel for appellants are set at rest by the cases of Bergman v. Kearney, supra, and Vineyard L. & S. Co. v. District Court, supra, and to review what is decided in those cases would be a work of supererogation.

Entertaining these views, we affirm the order of the lower court sustaining respondent's motion to vacate the temporary injunction issued herein; and it is so ordered.

DUCKER, J.: I concur.

COLEMAN, J., concurring:

I concur in the order. The opinion of my esteemed associates adheres to the conclusions reached in the Vineyard case on all points considered therein, and apparently approves of the reasoning in the case of Bergman v. Kearney. It simply states their conclusion as to the constitutionality of sections 29, 30, 31, and 32 of the statute, without presenting the theory upon which the conclusion is reached. Accepting, as the opinion seems to do, the correctness of the process of reasoning resorted to in both of the above-named cases, I am unable to determine the viewpoint of my associates. Since we all agree that the process of reasoning and conclusions reached in the cases mentioned were right, I see no way of escaping the conclusion that the state engineer does not exercise judicial authority in hearing and determining a contest in the sense and for the purposes contemplated by the statute, and therefore I must disagree with my esteemed associates in their conclusion as to the constitutionality of the sections mentioned.

I am not in accord with the views expressed relative to section 45; but, in view of the nature of the opinion, it would serve no good purpose to present my ideas relative thereto.