No. 2622

## HUMBOLDT LAND AND CATTLE COMPANY *v.* SIXTH JUDICIAL DISTRICT COURT

March 26, 1924.                    224 Pac. 612.

1. Constitutional Law—Essentials of "Due Process of Law."
    "Due process of law," of which no person shall be denied, means that no one shall be deprived of his property without notice and a reasonable opportunity to be heard in his own behalf.

2. Constitutional Law—Rules for Determination of Rights within Legislative Province.
    It is the province of the legislature to establish, within constitutional limits, the rules not only of procedure, but for determination of rights, by which the courts shall be governed.

3. Constitutional Law—Relative to Question of Law, Character of Proceeding Involved Regarded.
    In determining whether due process of law has been denied, regard must be had to the character of the proceeding involved, and respect given to the cause and object of the taking.

4. Constitutional Law—Water Law Held Not to Deny Due Process of Law with Respect to Trial of Exceptions to State Engineer's Order of Determinations.
    Water law, sec. 35 (Stats. 1913, c. 140; Stats. 1915, c. 253; Stats. 1921, c. 106) *held* not to deny due process of law with respect to the trial of exceptions taken and filed to the state engineer's order of determination, defining the relative rights of the various claimants and appropriators to and of waters of a stream, because not requiring copies of the exceptions to be served on each claimant personally; the proceeding on reaching the district court not becoming a separable controversy between different claimants.

5. Constitutional Law—Notice Required by Water Law by Filing in Court of Exceptions to State Engineer's Determination of Water Rights Sufficient for "Due Process of Law."
    The notice to other claimants by filing in court as required by water law, sec. 35 (Stats. 1913, c. 140; Stats. 1915, c. 253; Stats. 1921, c. 106) five days before the day set for hearing, of exceptions to state engineer's determination of relative rights of claimants and appropriators to and of waters of a stream, *held* sufficient to constitute due process of law; the procedure in ordinary judicial proceedings not being necessary.

6. WATERS AND WATERCOURSES—STATUTE IN LIMITING PLEADINGS ON HEARING OF EXCEPTIONS TO STATE ENGINEER'S DETERMINATION HELD TO DEPRIVE NO CLAIMANT OF SUBSTANTIAL RIGHT.

Water law, sec. 35 (Stats. 1913, c. 140; Stats. 1915, c. 253; Stats. 1921, c. 106), in limiting the pleadings on hearing of exceptions to the state engineer's order of determination of rights of claimants in waters of a stream to such order, the statements or claims of claimants, and the exceptions deprives no claimant of substantial right.

7. CONSTITUTIONAL LAW—WATER LAW HELD NOT TO CONFER JUDICIAL POWER ON STATE ENGINEER.

Water law, secs. 29, 30, 32, as amended by Stats. 1921, c. 106, and section 31, merely requiring the state engineer, when objections are taken to the findings, or any part of the preliminary order of determination of relative rights of claimants to waters of a stream, to inquire into the existence of all the facts and apply the law thereto in order to determine what his official conduct shall be, *held* not to confer judicial power on such ministerial officer.

ORIGINAL PROCEEDING in prohibition by the Humboldt Land and Cattle Company and others against the District Court of the Sixth Judicial District, and George A. Bartlett, Judge presiding. **Dismissed. Pending on petition for rehearing.**

*Samuel C. Wiel, Perry Evans, Albert C. Aiken, W. M. Kearney, T. P. Witschen,* and *Brown & Belford,* for Petitioners:

The main grounds presented in support of the petition are:

(1) Due process in district court is denied by section 35, which goes beyond statute of any other state.

(2) Due process in district court is denied by section 88a, which also goes beyond statutes of other states.

(3) The Nevada act invades the constitutional limits of the courts by sections 35, 36, 36a, 38 and 75 of the statute.

(4) Judicial power taken from the courts remains vested in the state engineer no less than when Pitt v. Scrugham so decided.

(5) The judicial sections are separable. The case does not involve decision upon the validity of the administrative section.

(6) Public policy requires that efficiency of the engineers subordinate itself to the impartiality to which no

one but the courts are sworn. Administrative departments do not act with the cold indifference of impartial judges. To avoid litigation is desirable, but when causes of litigation do arise courts must not be closed to them.

Due process in district court is denied by section 35, which goes beyond statute of any other state. Filing of exceptions in district court begins real proceeding in which adjudications are made. As long ago as 1889 suit was brought to adjudicate Humboldt River. It ended by reversal in supreme court for failure to follow due process in proceedings. Bliss v. Grayson, 24 Nev. 422. There trial court dismissed some of defendants, for which it was reversed in supreme court's holding that proceeding must determine rights of every one to be of use to any one.

The effort was renewed, with varying intervening legal history, until the statute now in review. After state engineer's investigation and recommendation, matter is brought to court's attention, which tries contests. This "contest" stage is state of proceedings to which Mr. Justice Coleman refers as "the real proceeding wherein the adjudication is made." Vineyard Co. v. District Court, 42 Nev. 1.

The exceptions initiate contests for relative position. Every exception made for better priority or for prescription is claim adverse to prior claimants over whom advance is sought. In Re Chewaucan River (Or.), 171 Pac. 402; 175 Pac. 421.

State engineer sets up no title in himself or in state, and alleges no rights which have been infringed. The proceeding is to promote public welfare by regulating use and preventing waste. Bergman v. Kearney, 241 Fed. 906.

In contest that state has brought to light between individuals it is not itself a party. The active parties in district court are exceptor as plaintiff, against all other users as defendants. It devolves into ordinary private litigation. Scossa v. Church, 43 Nev. 407; Penn Mutual Life Ins. Co. v. Union Trust Co. (Cal), 83 Fed. 891.

State takes part in contests by being judge, but that is opposite to being party contestant.

Interest of state in water matters is always regulatory and not proprietary, except only where it itself makes a use. In Re Delaware River (1909), 115 N. Y. Supp. 750. State has not ownership, but sovereignty, control, and regulative power over appropriation and use. Moore v. Smaw, 17 Cal. 218; Palmer v. R. R. Com. of Cal., 138 Pac. 999; Walbridge v. Robinson (Idaho), 125 Pac. 814; Farm Investment Co. v. Carpenter (Wyo.), 61 Pac. 258.

Things possessed by no one, not even the state, the "negative community," in their natural condition, are not subject of property. Geer v. Connecticut, 161 U. S. 519. Ownership in such things arises only when they are reduced to possession, and even this is limited.

Section 35 of statute prescribes judgment upon these contests without notice to defendants. This is without parallel. The Oregon supreme court has established that jurisdiction fails where notice of contest is not given to all users. In Re Chewaucan River, supra. This is only decision we are aware of that has given attention to distribution of notice in court contests.

Section 35 further prescribes that judgment in contests be rendered without issue joined or in any way reached. The order of determination of engineer, claims, and exceptions constitute pleadings, and "there shall be no other pleadings in the cause." Where, then, are the issues?

A determination of defendants' rights among themselves needs pleadings to an issue, as much as between separate parties at outset. 3 Kinney, Irrigation, 2782. The court is confined to issues raised in pleadings in proceeding under water code. Scossa v. Church, 46 Nev. 254.

By forbidding replies to exceptions, due process is denied.

Judge Bartlett recognizes that the statute is defective, and did what he could to cure it in ordering copies of objections and exceptions to be mailed to all parties, with notice of hearing, etc., but that was ineffective to

heal defect in statute because, if authorized, it falls short of enough; and, if unauthorized, is ineffective even to extent that it goes. Absent party is entitled to personal service if possible. Bear Lake Co. v. Budge (Idaho), 75 Pac. 614.

How did state engineer get jurisdiction upon his own "complaint" in first place, without personal service where it could be had? Personal service is not dispensed with when entry is made into court, unless it cannot be had. Follett v. Pacific Corp. (Cal. Supp.), 208 Pac. 298.

There must be legal return of service. 32 Cyc. 596–597. Judge Bartlett's order provided for none. There was no provision for default. None is mentioned in his order. From where else is it to come?

The order clashes with section 35 making it court's duty to proceed on notice to engineer only, and that no other pleadings can be filed. "The law itself must save the parties' rights, and not leave them to the discretion of the courts as such." Coe v. Armour, 35 U. S. 629.

*M. A. Diskin,* Attorney-General, *Thomas E. Powell,* Deputy Attorney-General, and *Geo. B. Thatcher,* for Respondents:

Bliss v. Grayson, cited by counsel, was instituted to have dams and obstructions maintained by defendants abated as nuisances. The court held that all persons who maintained dams between those of plaintiff and defendant were necessary parties, and the decision is not in point here.

It cannot be said that "exceptions" initiate contests for relative position. "Contest" contemplates presentation of issues between several users before engineer. Under sections 29, 30, and 31, as amended in 1921, there is no authority for contests between the several parties as was authorized before. Now, any party dissatisfied with the final order filed may except, and the court is to determine the issue thus made.

In the lower court petitioners moved to dismiss for lack of party plaintiff. They now urge that exceptor is

plaintiff. It is evident their contentions are as shifting as desert sands.

Section 33 of Stats. 1913 declared that the order of determination shall have the effect of a complaint. What logic is there in arguing that an exceptor who takes issue with the determination is a party plaintiff?

In this kind of proceeding, is there any necessity of having a plaintiff or a defendant?

The state is an interested party. It is not a stakeholder; it is a trustee, and represents the public in an effort to properly adjudicate the rights of all parties. The water belongs to the public. Walbridge v. Robinson, 125 Pac. 812. Any discussion of the question would be academic. Judge Farrington, in Bergman v. Kearney, 241 Fed. 884; 1 Wiel on Water Rights (3d ed.) 11.

Due process does not require service of pleadings; notice of the proceedings is sufficient. Water users are presumed to know the law. They are bound to follow the subsequent steps. In Colorado summons is served before the complaint is filed, and it need not be served at all. In the federal equity procedure of the United States the complaint is filed and subpena only is served.

Even if failure to serve is error, it is to be corrected on appeal, not prohibition.

The order of determination has the same effect as a complaint which, with the exceptions, constitutes the pleadings.

Suppose the attorney-general were given the duties now required of the state engineer, would one say the state was not an interested party, or that the exceptors were parties plaintiff, or that they must file their exceptions upon each other? V. L. & S. Co. v. District Court, 42 Nev. 26.

A statutory proceeding differs from an ordinary suit in court. The usual adverse pleadings are not involved. Several users may have diverse interests without conflict according to the volume of water, etc. The proceeding is instituted by a representative of the public to ascertain precise rights as an aid to adequate state control of the public waters. An award to one does not

ipso facto deprive others. Farm Investment Co. v. Carpenter (Wyo.), 61 Pac. 258.

The issues may be joined by any party interested who has actual or constructive notice with any kind of lawful process. Cullen v. Glendora Water Co., 39 Pac. 769.

The appeal in the Chewaucan River case cited by counsel was dismissed solely upon the ground that notice of appeal was not served upon those whose interests might be modified, not, as counsel state, "when notice of contest is not distributed among all the water users."

Petitioners do not tell the court that the provision for notice to each exceptor was first enacted in 1919, and that prior thereto the law, as quoted in the Chewaucan River case, was never held unconstitutional.

How can issues be made in this case if the exceptions were not directed to the order of determination? The court must have considered the final order the complaint.

Ample notice which gives opportunity for hearing is due process. V. L. & S. Co. v. District Court, 42 Nev. 22–23. Publication and mailing have been held sufficient. Tyler v. Judges, 55 N. E. 815; Bergman v. Kearney, supra; Pacific Livestock Co. v. Lewis, 60 L. Ed. 1084; Farm Investment Co. v. Carpenter, supra.

Garson v. Steamboat Canal Co., 43 Nev. 309, 310, decides adversely to petitioners upon the point they urge that section 88a denies due process.

Section 88a provides for public inspection of the documents and affords opportunity for objections to the same. In fact, it answers the test established by the United States Supreme Court in Meeker v. Lehigh Valley R. Co., 236 U. S. 412, 430.

*Prince A. Hawkins,* Amicus Curiæ:

This action comes too late, unless the court is going to retract the ruling in the Vineyard case, where the decision was to the effect that, having passed the period of attacking the power of the state engineer to hear these matters, it was immaterial so far as that case was concerned, and the writ of prohibition was vacated because the question there was the jurisdiction of the district court to proceed in the matter that had been

submitted by the engineer. In this case the engineer has made his determination just as he did there, and the court there said it did not make any difference whether it was served and filed or not; the writ of prohibition could not go against the court.

If they want to attack this amendment of 1921 as to the powers of the engineer, this suit should have been brought before he made his final determination.

As to section 35 not providing due process, it is settled that no one will be heard to attack or raise the insufficiency of an act unless he is in a position to be injured thereby. The court had jurisdiction to proceed, whether the engineer could try the contest or not.

By the Court, SANDERS, J.:

This is an original proceeding in prohibition. The proceeding involves purely legal questions, and a statement of the undisputed facts may be omitted.

1. The petitioners insist that the procedure adopted in section 35 of the water law (chapter 140, Statutes of 1913; chapter 253, Statutes of 1915; chapter 106, Statutes of 1921) for the final hearing and adjudication of the order of determination of the state engineer, which defines the relative rights of the various claimants and appropriators to the waters of a stream or stream-system, in this instance the waters of the Humboldt River stream-system and its tributaries, is unconstitutional, in that it denies to the parties in interest due process of law; which is that no person shall be deprived of his property without notice and a reasonable opportunity to be heard in his own behalf. Garson v. Steamboat Canal Co., 43 Nev. 298, 185 Pac. 801, 1119.

2, 3. It must be conceded that it is the province of the legislature to establish within constitutional limits the rules, not only of procedure, but for the determination of rights, by which the courts shall be governed. Greenwood v. Butler, 52 Kan. 424, 34 Pac. 967, 22 L. R. A. 466. It must also be conceded that in determining whether due process of law has been denied regard must always be had to the character of the proceeding involved, and the respect given to the cause and

object of the taking. Crane v. Hahlo, 258 U. S. 142, 42 Sup. Ct. 214, 66 L. Ed. 514; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616. Crane v. Hahlo decides that no one has a vested right in any given mode of procedure, and, so long as a substantial and efficient remedy remains or is provided, due process of law is not denied by a legislative change.

Applying these principles to the section under consideration, it is clear that the procedure satisfies the constitutional requirement. In fact, the section was undoubtedly inserted in view of the due-process-of-law clause of the organic law, and the best answer to the objection that the section fails to provide for due process of law is the statute itself.

Section 35 reads as follows:

"At least five days prior to the day set for hearing, all parties in interest who are aggrieved or dissatisfied with the order of determination of the state engineer shall file with the clerk of said court notice of exceptions to the order of determination of the state engineer, which notice shall state briefly the exceptions taken, and the prayer for relief, and a copy thereof shall be served upon or transmitted to the state engineer by registered mail. The order of determination by the state engineer and the statements or claims of claimants and exceptions made to the order of determination shall constitute the pleadings, and there shall be no other pleadings in the cause. If no exceptions shall have been filed with the clerk of the court as aforesaid, then on the day set for the hearing the court may take further testimony if deemed proper, and shall then enter its findings of facts and judgment and decree. On the day set for hearing, all parties in interest who have filed notices of exceptions as aforesaid shall appear in person or by counsel, and it shall be the duty of the court to hear the same or set the time for hearing, until such exceptions are disposed of, and all proceedings thereunder, including the taking of testimony, shall be as nearly as may be in accordance with the rules governing civil actions."

This legislative interpretation of the statute removes doubt as to its meaning, if any existed. It is contended,

however, that to constitute due process of law with respect to the trial of exceptions taken and filed to the order of determination of the state engineer it is essential that the section should require copies of the exceptions to be served upon each claimant personally.     In support of this position it is contended that the omission from the section of a provision for the service of copies of exceptions renders any judgment pronounced upon the trial of the issues raised by exceptions absolutely void.

To demonstrate the fallacy of this contention we shall state in brief the argument advanced in its support.

It is argued that when exceptions are filed with the clerk of the court a judicial contest immediately arises, in which contest the exceptor is the plaintiff and all other water users defendants, with the state or state engineer as neutral bystander.     This construction involves a fallacy made apparent by the mere statement of the proposition; for the power of the state to enforce its own law is essentially inherent in the conception of law.     If the taking of exceptions to the order of determination of the engineer has the effect of forcing the state or its representative out of the case as made by its own pleading it would not only defeat the purpose, but would make the whole proceeding farcical.     It would be marvelous, indeed, if the legislature intended to abandon the law and leave its vindication and enforcement to the water users of the stream or stream-system when the preliminary proceeding committed to the state engineer has advanced to the point where it reaches the district court for final hearing and adjudication.

The confusion of thought which seems to permeate the entire argument of the learned counsel is based upon the false premise that when the proceeding reaches the district court it becomes a separable controversy betweeen different claimants.     There is nothing in the context or in the subject-matter to require such construction, but the entire scope of the legislation is persuasively to the contrary.     As said in one of the cases

quoted from in Re Chewaucan River, 89 Or. 659, 175 Pac. 427:

"It is a case where divers and sundry parties are entitled to use so much of the waters of a stream as they have put to beneficial use and the purpose is to ascertain their respective rights by a simple, economical, effective, and comprehensive proceeding, and is not a separable controversy between different claimants." In Re Silvies River (D. C.), 199 Fed. 495.

This holding accords with the opinion in Vineyard L. & S. Co. v. District Court, 42 Nev. 1, 171 Pac. 166, and also the opinion of Judge Farrington in Bergman v. Kearney (D. C.), 241 Fed. 884.

4, 5. The section discloses a fixed purpose to secure timely notice to all claimants of the hearing, and of the time and place for the hearing of all parties in interest dissatisfied or aggrieved with the order of determination of the engineer. It requires all those aggrieved or dissatisfied to file notice of their exceptions with the clerk setting forth the grounds and prayer for relief, thus affording all parties in interest who are satisfied with the order of determination an opportunity to appear before the court and oppose any alteration or modification of the order as proposed by those excepting. The statute is always presumed to be known, and, in view of the character of the proceeding, hedged about, as it is, with notices of every material step taken in the one comprehensive proceeding, the law presumes that each water claimant will keep in touch with his water right defined by the order of determination of the engineer and straightway inform himself if any peril threatens it by those excepting. No further notice is required, and, since each claimant is a party to the proceeding, and has notice, and a reasonable opportunity is afforded him to defend his claim, the procedure satisfies the requirement of due process of law.

We do not accept the proposition that to constitute due process of law the procedure must be measured by the standard essential to notice in ordinary judicial proceedings. The proceeding is a special proceeding

applicable to the specified subject-matter and suitable to the end which the state seeks to accomplish, namely, to protect all the collective users of water, secure a just distribution, and perpetuate water rights in a public record under such safeguards for the protection of individual rights as the settled maxims of the law permit and sanction.

6. The procedure is further criticized because it nominates and limits the pleadings. It is essential to the due enforcement of a law which provides a system of state control of the waters within its boundaries that it be accomplished in a comparatively summary way. The limitation of the pleadings deprives the claimant of no substantial right; it does nothing more than take away from him the opportunity to urge technical or formal objections which do not affect the merits of the proceeding. The declaration that the order of determination, the statements or claims of claimants, and exceptions made to the order of determination shall constitute the only pleadings in the cause demonstrates that the procedure is not to be measured by the standard of ordinary judicial proceedings.

The disposition on the part of petitioners to ignore the character of the proceeding and to compare it to a judicial controversy between different claimants upon filing of exceptions lends force to the suggestion that the argument is advanced to persuade this court to force a construction on a statute in order to declare it unconstitutional, which is never permissible.

We are urged to issue the writ upon the ground that sections 35, 36, 36a, 38, and 75 of the statute invade the constitutional limits of the courts. The disposition of this contention in the earlier case, where the constitutionality of our water law is upheld, is a sufficient answer to the proposition. Vineyard L. & S. Co. v. District Court, supra; In Re Waters of Barber Creek, 43 Nev. 407, 187 Pac. 1004; Bergman v. Kearney, supra.

7. It is charged that judicial power taken from the court remains vested in the engineer no less than when Pitt v. Scrugham, 44 Nev. 418, 195 Pac. 1101, so decided.

In support of this proposition it is insisted that sections 29–32 of the water law, condemned in Pitt v. Scrugham, as amended by the Statutes of 1921, are still vulnerable, in that they confer judicial power upon the state engineer, a ministerial officer. In this we are unable to agree. The sections as amended provide that, when "objections" are taken to the findings, or any part or portion of the preliminary order of determination, the engineer is required to inquire into the existence of all the facts and to apply the law thereto in order to determine what his official conduct shall be. As amended the sections do not constitute an exercise of judicial power as the phrase "judicial power" is used in the organic law. Under the sections as amended the engineer's duties more nearly resemble those exercised by members of the executive department, administration boards, commissions, etc.

Other questions are discussed in the able and elaborate briefs which do not go to the question of jurisdiction and have no place in this proceeding.

Our conclusion is that the alternative writ was improvidently issued, and that the water law of Nevada is in all respects constitutional.

The proceeding is dismissed.