[Civ. No. 3609. Third Appellate District.—June 6, 1928.]

GEORGE K. BRAY, Petitioner, v. THE SUPERIOR COURT OF SISKIYOU COUNTY et al., Respondents; W. D. DUKE et al., Interveners.

Horace V. Ley and Wm. V. Cowan for Petitioner.

Allen & McNamara for Respondents.

Nathan Moran for Interveners.

PLUMMER, J.—This cause is before us upon the application of the petitioner praying that an order be issued by this court directed to the Superior Court of the County of Siskiyou and the Honorable Charles J. Luttrell as judge thereof, requiring him to show cause why a writ of prohibition should not be granted prohibiting said court and the judge thereof from proceeding with the hearing of a certain matter or action now pending in said court wherein the department of public works of the state of California, through the division of water rights thereof, has filed in said court its determination of the water rights of the Shasta River and its tributaries in the county of Siskiyou.

While the petition filed herein sets forth at great length a number of specifications why said order should be issued and said writ granted, only four of said specifications are set forth and urged upon our attention by the petitioner in his points and authorities accompanying the petition. These specifications are as follows:

1. That section 32 and sections 36a to 36f of the Water Commission Act, approved June 16, 1913 (Stats. 1913, p. 1012), and as amended by subsequent acts are unconstitutional and particularly section 36b thereof.

2. That no issues are raised in the complaint, and the court has no jurisdiction to proceed with the hearing.

3. That the only proper order that can be made by the court below is one of dismissal.

4. That the petitioner has no plain, speedy, and adequate remedy at law.

■ As the petitioner's argument is directed particularly to the provisions of section 36b, we will in the consideration of his application proceed in the same line of thought. In his attack on said action reliance is based upon the recent case of *Mojave River Irrigation District* v. *Superior Court of San Bernardino County*, 202 Cal. 717 [262 Pac. 724], in which case the Supreme Court held that the provisions of section 1b of the Water Commission Act, added by an act of the legislature approved May 2, 1923 (Stats. 1923, p. 162), is unconstitutional. Following the reasoning of the court in that case it is contended that section 36b is likewise unconstitutional. This necessitates an analysis of the decision of the Supreme Court just referred to for the reason that unless the provisions of the two sections are distinguishable, section 36b must, under the authority of the foregoing case, be likewise held inoperative and void.

In the Mojave case it appears from the facts set forth in the opinion that a proceeding was instituted in the Superior Court to review the action of the water commission in granting a permit to the Mojave River Irrigation District to appropriate water flowing in the Mojave River, and that the cause before the Supreme Court was based upon an application to prohibit the Superior Court from hearing and determining the proceeding pending therein, to review the action of the commission, on the ground that a writ of *certiorari* or writ of review so to do does not lie and that the provisions of section 1b of the Water Commission Act as amended in 1923, purporting so to do, was unconstitutional. The court then takes up and reviews many of the recent cases wherein it is held that a writ of *certiorari* will not lie to review the action of an administrative officer, citing, among others, the case of *Tulare Water Co.* v. *State Water Co.*, 187 Cal. 533 [202 Pac. 874], wherein it was held that the water commission, in granting a permit to appropriate water from the Kern River was acting in an administrative and not in a judicial capacity, and for that reason the writ of review applied for was denied and the writ of mandate granted. Other cases are cited in the opinion which we need not set forth herein, but a consideration of the various cases all show that they are based upon the rule that *cer-*

*tiorari* will not lie to review the action of an administrative officer, but only lies to review the action of a judicial officer, and only then to determine whether the officer whose action is sought to be reviewed has or has not acted within the scope of his authority. Section 1b as shown by the decision in the Mojave case is very similar to the section of the Irrigation District Act purporting to give a right of appeal held unconstitutional in the case of *Chinn* v. *Superior Court,* 156 Cal. 480 [105 Pac. 580], and also in the case of *Inglin* v. *Hoppin,* 156 Cal. 483 [105 Pac. 582], in that while it does not specifically purport to grant an appeal from the action of an administrative body, it does specify that, by way of the writ of *certiorari,* the court shall review all the evidence, correspondence, data, etc., upon which the commission acted, and then base its judgment thereon. That this is the vulnerable portion of section 1b appears from the following excerpt, which we take from the opinion in the Mojave case: "In providing that said courts shall review all such matters as may have been considered by the Division of Water Rights in its determination to grant or deny the application for the permit in question, the amendment assuredly contemplates that all of such matters shall be received in evidence before such court in such action or proceeding, whether receivable in evidence in an ordinary action or proceeding, or not. In the foregoing respect it would seem to be obvious that said amendment provides for the particular action or proceeding which it purports to create a practice and procedure radically at variance with that which the general laws provide for the practice and procedure of the superior courts in actions or proceedings of which such courts are given jurisdiction, and that in so doing said amendment runs counter to the provisions of section 25, article IV, of the state constitution, which inhibits the legislature from passing 'local or special laws' regulating the practice of courts of justice." That section 1b purports specially to provide for a writ of review of the proceedings of an administrative officer which does not exist in any other case is clearly apparent from a reading of the section. Section 1b is different from any other of the sections of the act in that it does not purport to lay the foundation for the institution of a trial, the introduction of evidence and the determination of rights

of parties as may be made to appear after the due and regular trial of a cause, but expressly limits the court to a determination of whether administrative officers have acted correctly or erred in judgment in granting a permit to appropriate water. In this particular the provisions of section 1b are distinguishable from the powers granted and the proceeding contemplated by section 36b. The Mojave case had to do with a special proceeding providing for the review of an administrative officer. There is nothing in the opinion, as we read it, which in any way trenches upon the power of the legilsature to provide for the determination of the water rights of those taking water from the same stream as set forth in section 36b. The first section, though nominally providing for a writ of review, gives what in fact amounts to an appeal from the actions of an administrative officer, while the latter section simply provides that the proceedings of an administrative officer may be taken as the preliminary basis upon which an action may be had in the Superior Court to determine the respective rights of claimants to appropriate water from any certain stream and its tributaries. That section 1b is unconstitutional for the reasons stated in the opinion in the Mojave case does not necessitate a holding that section 36b, which is wholly dissimilar in all its intendments, is likewise unconstitutional.

We may now consider section 36b and the various cases from different states passing upon water laws containing identical provisions. After providing for an investigation of the water rights of various claimants appropriating water from any certain stream and its tributaries, the hearing of the various claimants, taking of proofs, examination of streams, their tributaries, dams, ditches, etc., the act provides that the commission shall come to a determination as to the respective quantities of water the different claimants are entitled to divert and the lands upon which the waters may be used, setting forth in minute detail so that the quantity of water to which each claimant may be entitled, and the lands upon which it is entitled to be used may be readily ascertained, etc., the water commission is directed to file the same in a county through which the stream runs, together with the transcript of all the testimony taken by the commission, and then obtaining from the court of said county an order for a hearing upon such determination,

which order must be published for a specified length of time and a certified copy of the notice of the time and place of the hearing served upon all the parties. Section 36b of the act then provides as follows: "At least ten days prior to the day set for hearing, all parties in interest who are aggrieved or dissatisfied with the order of determination of the state water commission shall file with the clerk of said court notice of exceptions to the order of determination of the state water commission, which notice shall state briefly the exceptions taken, the reasons therefor, and the prayer for relief, and a copy thereof shall be transmitted by registered mail at least ten (10) days prior to such hearing, to the state water commission and to each claimant, who was an adverse party to any contest wherein such exceptor was a party in the proceedings. The order of determination by the state water commission and the statements or claims or claimants and exceptions made to the order of determination shall constitute the pleadings, but the court may allow such additional or amended pleadings as may be necessary to a final determination of the proceeding. If no exceptions shall have been filed with the clerk of the court as aforesaid, then on the day set for the hearing, on motion of the state water commission, or its attorney, the court shall enter a decree affirming said order of determination. On the day set for hearing all parties in interest who have filed notices of exceptions as aforesaid shall appear in person, or by counsel, and it shall be the duty of the court to hear the same or set the time for hearing, until such exceptions are disposed of, and all proceedings thereunder shall be as nearly as may be in accordance with the rules governing civil actions." It requires but a cursory reading of this section to show that the court is empowered to permit the filing of additional or amended pleadings as may be desired by the parties to set forth fully and completely, all and singular, their rights, or to whatever rights the parties may deem themselves entitled, as fully and completely as is provided for in any of the sections of the Code of Civil Procedure. The specific language of the section also is to the effect that the proceedings shall be as nearly as possible in accordance with the rules governing civil action. This means that the testimony upon which the court finally acts must be such as would entitle

the court to act in any civil proceeding. The section does not provide simply for a review of the testimony taken by the commission, nor of the correspondence or data which may have been deemed sufficient by the commission. The essential requirement of the language of the section, taken as a whole, is that the court, in the light of the findings of the commission before it, shall proceed as nearly as possible as would be the case in an ordinary civil action to hear whatever the parties in interest may have to present in the way of proper testimony, and after such hearing enter a decree determining the quantity of water that each claimant is entitled to appropriate from the stream in question and also fixing and determining the place of use thereof. The subsequent sections provide for the taking of additional testimony by way of reference to the commission, but that is no different in effect than where a court issues a commission to take testimony. This brief summary shows the distinction between section 1b and section 36b of the Water Commission Act. That the parties were brought into court other than by means of the issuance of a summons does not appear to us to affect the constitutionality of the act. The question really is, in every case, whether the court has jurisdiction of the parties and of the cause. In this particular there is no essential difference in obtaining jurisdiction of the parties, than when the court issues its order to show cause why a certain action should not be taken. It is not in all cases absolutely necessary that a summons may be issued in order to give the court jurisdiction of the parties. For instance, in the present application this court is asked to acquire jurisdiction over the Superior Court of the County of Siskiyou and Honorable Charles J. Luttrell by issuing and having served upon him an order to show cause. That after having acquired jurisdiction of the parties, the subsequent proceedings may not be in all particulars identical with the trial of some other civil action, such as a damage suit, does not affect the constitutionality of the section in question. If void because in detail it differs slightly from the procedure in other cases, then, and in that case, the provisions of the Code of Civil Procedure having to do with eminent domain actions would likewise be vulnerable. It only requires a reading of the various sections of the Code of Civil Procedure to show the dissimilarity between the

summons in an ordinary action and the summons provided for in eminent domain proceedings. Again, if exactly the same procedure must be followed in all cases, the section of the code setting forth that in the first instance only an interlocutory judgment may be entered in a divorce action and then a final judgment a number of months later, would likewise be unconstitutional. In the present case the petition sets forth that there are 131 claimants asserting rights to the waters of the Shasta River and its tributaries, based upon appropriation. These rights are not absolutely independent and unrelated, but they are all dependent and correlated, each depending upon the lawful exercise of the right claimed by the others. There is only so much water in a stream and its tributaries to be used, and each claimant owns really the use and not the water itself, which, from the very nature of the case, demands an enactment suitable to the conditions presented. In this regard we read the Water Commission Act as a general law applicable to a particular subject, to wit, the use of the waters of the various streams of the state. Other states having constitutional limitations similar to subdivisions 3 and 33 of section 25 of article IV of our constitution, relating to legislative acts regulating the practice of courts of justice have upheld identical statutes with the one now under consideration. In the case of *Eden Irrigation Co.* v. *District Court,* 61 Utah, 103 [211 Pac. 957], the Supreme Court of Utah had under consideration a water act containing the provisions which are similar in substance to the Water Commission Act of this state. So far as pertinent here, the Utah act reads: "After full consideration of the statements of claims, the surveys, records and files, and after a personal examination of the river system or water source involved, if such examination is deemed necessary, the state engineer shall formulate a proposed determination of all rights to the use of the water of such river system or water course, and a copy of such proposed determination shall be mailed by regular mail to each claimant, with notice that any claimant dissatisfied with such determination may within ninety days from such date of mailing, file with the clerk of the district court a written objection thereto duly verified on oath." The act then goes on to provide for hearing, contests, and entry of final decree. It was there objected that such a proceeding was

inhibited by the constitution in that the legislature was prevented from passing any local or special laws regulating the practice of courts of justice, just as it is insisted here. The court, in passing upon this contention, expressed its views in these words: "Finally, it is insisted that the act in question offends against that provision of our constitution (Const., art. VI, sec. 26), which prohibits the legislature from enacting a special law 'regulating the practice of courts of justice.' This contention, it seems to us, is somewhat far-fetched. In the first place, we cannot conceive how the law in question is special, nor how it regulates the practice of courts of justice. Nothing of that character is attempted. Neither is that the effect of anything that is contained in the act. The question respecting the regulation of the waters of this state is a very comprehensive one, and in some respects, for the purpose of simplifying and expediting the administration of the law with respect to that matter and the protection of water rights, the legislature no doubt would have the right to direct the courts how to proceed in certain matters, and, so long as the law applied to all courts and governed all persons claiming water rights, there is nothing special about such a law."

In the case of *Stuart* v. *Norviel et al.*, 26 Ariz. 493 [226 Pac. 908], the Supreme Court of Arizona had before it a water law containing an identical procedure for obtaining jurisdiction both of the cause and of the parties. In considering the objections urged by counsel to the validity of the various provisions leading up to the final hearing by the trial court, the opinion uses language which is applicable to this cause, to wit: "This summary of the provisions of the statute suffices to show that the water commissioner is not invested with judicial power. Judicial power is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for decision. The power to decide and pronounce the judgment affecting the rights of the parties to the use of the water of the stream and to carry the judgment into effect between the persons and parties is, by the act of the legislature in question, reposed in the Superior Court and not in the commissioner. In the initiating of the proceedings by the commissioner, in the giving of notice to the claimants, in the taking of the statements of claims,

in receiving evidence, and in making findings the duties of the commissioner are not unlike those of a referee. . . . The commissioner, upon his own initiative, or upon the petition of the water users upon the stream, merely brings the matter to the court for its adjudication, for its determination, for its decree establishing the rights of the several claimants. This adjudication, this determination, this decree, is the adjudication, determination, and decree of the court and not of the commissioner." (Citing *Pacific Livestock Co.* v. *Lewis*, 241 U. S. 441 [60 L. Ed. 1084, 36 Sup. Ct. Rep. 637]; *Vineyard L. & S. Co.* v. *District Court*, 42 Nev. 1 [171 Pac. 166]; *Pitt* v. *Scrugham*, 44 Nev. 418 [195 Pac. 1101]; *In re Willow Creek*, 74 Or. 592 [144 Pac. 505, 146 Pac. 475]; *Enterprise Irr. Dist.* v. *Tri-State L. Co.*, 92 Neb. 121 [138 N. W. 171]; *Farm Inv. Co.* v. *Carpenter*, 9 Wyo. 110 [87 Am. St. Rep. 918, 50 L. R. R. 747, 61 Pac. 258].) This case likewise holds that it is evident that all the proceedings provided for in the water act are in accordance with the rule requiring due process of law.

In *Pacific Livestock Co.* v. *Oregon*, 241 U. S. 440 [60 L. Ed. 1084, 36 Sup. Ct. Rep. 637], the Supreme Court, passing upon an act of the legislature of the state of Oregon, similar to ours, affirmed the decision of the Oregon Supreme Court holding that the bringing of interested parties into court, just as it is sought to bring parties into court in this action, constituted due process of law.

In the case of *In re Willow Creek, supra,* appears an elaborate opinion from the Supreme Court of Oregon in which every phase of the water act of that state is taken up and thoroughly considered and every question raised by the petitioner in this cause completely answered. From that opinion we will, however, take only the following excerpt: "It is within the province of the legislature to say that registered mail may be used as a means of conveying a notice, when publication is also required, and especially where in case of dispute a notice of contest is required to be served and returned the same as a summons in an action in the courts." (Citing a number of cases.)

In the case of *Humboldt Land & Cattle Co.* v. *District Court*, 47 Nev. 396 [224 Pac. 612], the Supreme Court of Nevada, in considering an act similar in its provisions to ours, says: "The section discloses a fixed purpose to secure

timely notice to all claimants of the hearing and of the time and place for the hearing of all parties in interest dissatisfied or aggrieved with the order of determination of the engineer. It requires all those aggrieved or dissatisfied to file notice of their exceptions with the clerk setting forth the grounds and prayer for relief, thus affording all parties in interest who are not satisfied with the order of determination an opportunity to appear before the court and oppose any alteration or modification of the order as proposed by those excepting. The statute is always presumed to be known, and, in view of the character of the proceeding, hedged about, as it is, with notices of every material step taken in the one comprehensive proceeding, the law presumes that each water claimant will keep in touch with his water right defined by the order of determination of the engineer and straightway inform himself if any peril threatens it by those excepting. No further notice is required, and, since each claimant is a party to the proceeding, and has notice, and a reasonable opportunity is afforded him to defend his claim, the procedure satisfies the requirement of due process of law.'' The same court, in the case of *Vineyard L. & S. Co.* v. *District Court, supra,* really says everything that can be said in support of the act of the legislature in providing for determining water rights, just as has been provided by the legislature in this state, and conclusively refutes every objection which has been brought to our attention and urged against our Water Commission Act.

In a proceeding to determine the water rights in the Humboldt River, 246 Pac. 692, the Supreme Court of Nevada took occasion again to uphold provisions of the water law of that state which contained in substance the same provisions as we find in section 36b of the Water Commission Act of this state.

In addition to the cases which we have reviewed, the following may also be cited supporting the decision from which we have quoted: *Farm Inv. Co.* v. *Carpenter, supra; Crawford Co.* v. *Hathaway,* 67 Neb. 325 [108 Am. St. Rep. 647, 60 L. R. A. 889, 93 N. W. 781] ; *Enterprise Irr. Dist.* v. *Tri-State Land Co., supra; In re Silvies River,* 199 Fed 495; *Ormsby Co.* v. *Kearney,* 37 Nev. 314 [142 Pac. 803] ; *Bergman* v. *Kearney,* 141 Fed. 884; *Humboldt L. & C. Co.* v. *Allen,* 14 Fed. (2d) 650; *Caldwell* v. *Erickson,* 61 Utah,

265 [213 Pac. 182]. Practically all of these cases consider the objection urged, that the act is not in accordance with the rule requiring due process of law, and hold such objection untenable. The cases also take up and show that the determination of the water commission (in some of the states called water commission and in some of the states called water engineer) is only a proposed finding and is not a judicial decision fixing and decreeing the rights of the respective claimants, but is only in fact a preliminary investigation which brings to the attention of the court the various matters, rights and interests to be considered in order that a full and final hearing may be had and the rights of the respective claimants to appropriate water from the stream and its tributaries under consideration, ascertained, and determined in a proceeding where all can be heard, and to the intent and purpose that the otherwise almost interminable dispute as to the use of water from any particular source may be once and for all equitably, justly, and finally decreed, established, guaranteed, and placed of record where all the users of water may readily ascertain and forever know his own rights and the rights of all other appropriators.

An appeal lies from the judgment of the trial court in decreeing the rights of the respective appropriators, and thus, all parties are given a plain, speedy, and adequate remedy at law, and is a sufficient answer to the petitioner's objection that no adequate remedy exists other than that prayed for herein. Nor do we find any merit in the contention that the proceeding is not properly entitled. Excluding the cover pages of the report of the commission, we find the following: "In the Matter of the Determination of the Relative Rights based upon prior appropriation of the various claimants to the waters of Shasta River and its tributaries in Siskiyou County, California," which is as full and complete a title as we find in many proceedings, as, for example, in probate matters where the cause is entitled, "In the Matter of the Estate (giving the name of the person), Deceased." Nor is there any merit in the petitioner's contention that the Water Commission Act does not purport to determine the rights of riparian owners. The petitioner does not base his rights upon riparian ownership as it is expressly stated that he is an appropriator of

the waters of one of the tributaries of the Shasta River. ■ The Water Commission Act under consideration does not purport to deal with other than the appropriated waters of the state and the ascertainment and determination of the waters that have been appropriated, and then giving to the commission power to grant permits to appropriate the unappropriated waters of the state. That the third subdivision of section 11 of the act purporting to bar or terminate the unused rights of a riparian land owner after the expiration of ten years may or may not be unconstitutional, as the taking of property without due process of law, is wholly immaterial, as any holding relative to that section would not have any bearing whatever upon the decision of the courts as to the rights of appropriators. The whole tenor of the act deals only with appropriators. Section 20 sets forth the form by which an appropriator shall set forth all the facts upon which his right to the use of the waters is predicated, and includes only such rights as have their origin in appropriation, and following all these various proceedings, the judgment of the court finally to be entered deals only with the rights of appropriators.

That the various sections of the Water Commission Act are new to the legal profession does not affect their validity, for, as said by the Supreme Court of Nevada in one of the cases to which we have referred, every forward-looking piece of legislation meets the old and time-honored objection—unconstitutional.

The petition for an order to show cause is denied.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 6, 1928, and the following opinion then rendered thereon:

THE COURT.—This cause is again before us for consideration upon the petition of interveners for a rehearing. The petition for rehearing is based upon the alleged unconstitutionality of section 32 of the Water Commission Act (Stats. 1913, p. 1012), and is urged upon our attention by reason of the fact that in the opinion herein filed upon petition for a writ of prohibition the provisions of that

section were not referred to, set forth or discussed. █

Upon an application for prohibition only one question can be considered, and that is whether the trial court has jurisdiction to proceed. (See sec. 1102, Code Civ. Proc., and the annotations thereto, contained in Kerr's Cyc. Codes.)

█ If, under the Water Commission Act, and the provisions of section 36b thereof, the trial court has jurisdiction to proceed, it is utterly immaterial, for the purposes of the determination of the merits of the petition for prohibition, whether section 32 of the act is or is not unconstitutional. If section 32 of the Water Commission Act is void, as alleged by the interveners, then and in that case the interveners have a plain, speedy, and adequate remedy to remove any alleged cloud that might be cast upon the title to their property by reason of any acts of the water commission or by appeal from any decree or judgment of the trial court assessing any of the costs mentioned in said section 32 against the property belonging to any of the petitioners. As stated by this court in *Lightner Mining Co.* v. *Superior Court,* 14 Cal. App. 642 [112 Pac. 909], a writ of prohibition will not issue to restrain the exercise of jurisdiction by a trial court, no matter how erroneous. Section 46 of the Water Commission Act specifies that the intent of the legislature is to pass the act, even though certain sections thereof may be held unconstitutional, and that such holding shall not affect the validity of the remaining portions of the act. As we read section 32 of the Water Commission Act, all its provisions may be held unconstitutional without affecting the validity of any other section of the act. Section 32 in its provisions is not so interdependent with or upon any other section of the act that the holding thereof void would affect the validity of any other section. Nor do we find, nor has our attention been called to any other section of the act which is so interdependent with or upon section 32 as to render it incapable of enforcement, or uncertain or inoperative in the event that section 32 of the Water Commission Act is finally held unconstitutional. While section 32 was referred to and mentioned in the original petition for a writ of prohibition herein, its provisions were not considered and set forth in the opinion of this court, for the reasons which we have herein stated.

Being of the opinion that the trial court has jurisdiction to proceed as stated in our opinion heretofore filed, no basis for the issuance of a writ of prohibition has been presented by the interveners herein, even though their contentions as to the invalidity of section 32 of the Water Commission Act be meritorious. The contentions of the interveners may properly be presented to the trial court, and if the trial court holds adversely thereto, a plain, speedy, and adequate remedy exists for the correction of any error if such determination be erroneous.

The petition for rehearing is denied.

An application by petitioner and interveners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 3, 1928.

Seawell, J., Richards, J., and Curtis, J., dissented.