Home Savings Bank, Appellant, v. F. T. Morris, An-
drew Groves, J. H. Mathis, P. J. Malley and L.
H. De Ford, constituting the Board of Supervisors
of Polk County, Iowa.

**Taxation:** REFUND OF TAXES.: INTEREST: MANDAMUS. The statute
directing the supervisors to order the refund of taxes erroneously
or illegally exacted or paid, does not provide that the county shall
pay interest on the money refunded, and *mandamus* will not lie
to compel its payment.

**Same:** STATUTORY ACTION: RECOVERY. A tax payer who brings his
action in reliance upon the statute to recover interest on taxes
wrongfully exacted can not recover independently of the statute.

**Refunding taxes:** STATUTE: CONSTITUTIONALITY. A taxpayer who
has invoked the. provisions of the statute for the purpose of
compelling a refund of taxes wrongfully exacted is precluded
from contending that the statute is unconstitutional, because fail-
ing to provide for interest on the money refunded.

*Appeal from Polk District Court.*—Hon. Hugh Bren-
nan, Judge.

Thursday, March 11, 1909.

Action for a writ of mandamus to compel the board
of supervisors to order the issuance of a refund warrant
for certain interest alleged to be due the plaintiff on money
illegally received from it. A demurrer to the petition was
sustained, and the plaintiff appeals.—*Affirmed.*

*Dale & Harvison,* for appellant.

*Halloran & Starkey,* for appellees.

Sherwin, J.—On the 1st day of January, 1902, the
plaintiff had a certain amount of its capital invested in

government bonds; but in assessing the capital of the bank for taxation for said year the amount so invested was not deducted. The bank appeared before the board of review and asked that the capital so invested be exempted from taxation. This was denied, and thereafter the action of the board of review was affirmed by the district court, and still later, in December, 1904, the decision of the district court was affirmed by this court. The case was then taken to the Supreme Court of the United States, where a decision reversing the finding of this court was handed down in April, 1907. See *Home Sav. Bank v. Des Moines*, 205 U. S. 503 (27 Sup. Ct. 571, 51 L. Ed. 901). While the litigation was pending in the district court, the plaintiff paid the tax levied against it, the first one-half thereof on the 31st of March, 1903, and the second one-half September 30, 1903. After the case had been finally decided, the plaintiff filed with the board of supervisors a claim for the tax so paid with interest thereon from the dates of payment. The amount of tax paid was refunded, but the board refused to pay interest thereon, and thereafter this action was commenced to compel the board of supervisors to order the issuance of a refund warrant for said taxes with interest thereon from the date of payment.

Section 1417 of the Code provides that: "The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon." The plaintiff's action is founded on this statute, and whatever rights it may have must be derived therefrom, and, unless it by clear implication requires the board of supervisors to pay interest on the tax illegally exacted or paid, the plaintiff's action can not be maintained. The statute provides (Code, section 4341): "The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corpora-

1. TAXATION: refund of taxes: interest: mandamus.

tion or person to do or not to do an act, the performance or
omission of which the law enjoins as a duty resulting from
an office, trust or station. Where discretion is left to the
inferior tribunal or person, the mandamus can only com-
pel it to act, but can not control such discretion." To
maintain this action of mandamus therefore the plaintiff
must show that section 1417 provides for the payment of
interest by the county on all taxes which the section or-
ders refunded. If it does not so provide, the plaintiff
has no case, because this action will not lie to control the
discretion of the board. It seems to us that the statute
itself fully answers the appellant's contention. It says in
so many words just what shall be done. It says that the
treasurer shall be directed to refund the tax illegally paid,
together with all interest and costs actually paid on said
taxes. The evident meaning of the word "refund," as
used in this statute, is to pay back, to restore, what has
been wrongfully taken, and, the Legislature having in
express terms directed restoration only, the court should
not amend the statute by a forced construction thereof.
If the Legislature had intended to provide for the pay-
ment of interest on taxes illegally collected, when refund
was made, it would have said so in unequivocal language.
In *Callanan v. Madison County,* 45 Iowa, 561, *Scott v.
Chickasaw County,* 46 Iowa, 253, and same case, in 53
Iowa, 47, and in *Brownlee v. Marion County,* 53 Iowa,
487, relied upon by the appellant, the question now be-
fore us was not involved, although in the *Scott* case, in 45
Iowa, 253, it was said that interest might be recovered.
There was no discussion of the question, however, and an
examination of the case shows that no such issue was made.

While the appellant in one branch of its argument
takes the position that it has an absolute
right to interest under section 1417, and
that the question whether its payment of
taxes was voluntary or involuntary is of no materiality, in

2. SAME: statu-
tory action:
recovery.

another branch of its argument it insists that the payment was involuntary, and because thereof that it has the right to recover independently of the statute. The payment made by the plaintiff seems to have been made to avoid the penalty exacted by the law when taxes are not paid by a certain time. It certainly was under no legal obligation to pay while the matter of the assessment was in litigation, and any effort to force a payment during that time would have met defeat. So it seems to us that the payment was voluntary; but the question need not be definitely decided, because the plaintiff brought this action relying upon the statute, and its case must therefore be brought within its provisions.

The appellant also contends that the statute is unconstitutional if it does not provide for the payment of interest. It is a general rule that "only those whose rights would be prejudiced by the enforcement of an unconstitutional act will be heard to question its validity." 6 Am. & Eng. Enc. of Law, 1090; 8 Cyc. 787-789, and cases cited. It is also the rule that, where parties to civil proceedings acknowledge the validity of a statute by their acts or pleadings, they are precluded from attacking such statute as unconstitutional. 8 Cyc. 795, and cases cited. And one who has tried to enforce a statute to the detriment of others can not afterwards question its constitutionality. 6 Am. & Eng. Enc. of Law, 1090; Cooley's Constitutional Limitations (2d Ed.) 214. The plaintiff claims under the statute in question, and by virtue of its provisions it is entitled to and will get a refund of the money actually paid to the county. So far its constitutionality is not questioned. The substance of the appellant's contention is therefore that the statute is invalid because it does not give it more or greater rights. We think there is no merit in the proposition. The demurrer was rightly sustained, and the judgment must be, and it is, *affirmed.*

3. Refunding taxes: statute: constitutionality.