Argued February 20, decided March 10, 1914.

# LEWIS *v.* CHAMBERLAIN.

### (139 Pac. 571.)

**Records—Registration of Titles—Decree—Vacation.**

1. On an application to register title to land, a decree for registration of title in one of the defendants, entered in the absence of plaintiff and her counsel, was not void, but irregular, and it was in the discretion of the court on seasonable motion and good cause shown to set it aside.

[As to vacation of decree rendered in proceedings under Torrens act, see note in Ann. Cas. 1913C, 978.]

**Records—Registration of Titles—Jurisdiction.**

2. In title registration proceedings, where title was shown in a defendant, he was entitled to have a decree to that effect, and to have the relative rights of plaintiff and himself settled, though his pleading contained no prayer for registration, since equity, having once obtained jurisdiction, will administer complete relief.

[As to rule that equity, having assumed jurisdiction for one purpose, will retain it for all purposes, see note in Ann. Cas. 1912A, 803. As to exceptions to said rule, see note in 116 Am. St. Rep. 877.]

**Records—Registration of Titles—Decree.**

3. In proceedings to register title to land, where plaintiff is shown to have no title, it is immaterial to her what decree the court makes between the defendants.

**Constitutional Law—Persons Entitled to Raise Constitutional Questions.**

4. In a proceeding to register title to land, parties who have invoked the proceedings of the registration law cannot be heard to say that it is unconstitutional.

[As to right of foreign corporation to question constitutionality of statute regulating foreign corporations, see note in Ann. Cas. 1913C, 1287.]

**Records—Registration of Titles—Appeal—Decree.**

5. In title registration proceedings, where the Circuit Court required, as a condition precedent to the entries of a final decree for defendant, that he should tender to plaintiff the amounts paid by her for taxes and improvements, without deductions for rents and profits, and in the Supreme Court the defendant announces that he is ready to abide the decision of the lower court, a decree will be entered accordingly.

From Jackson: FRANK M. CALKINS, Judge.

Department 2.   Statement PER CURIAM.

This is an application by Eliza J. Lewis against George E. Chamberlain and all whom it may concern

to register the title to lots numbered 6, 7, and 8 in block 1 of Cottage Addition to the City of Medford.

From an order denying a motion to set aside a decree for registration of title in defendant Chamberlain, applicant appeals.

This case was before this court upon a previous appeal, which was dismissed: *Lewis* v. *Chamberlain,* 61 Or. 150 (121 Pac. 430). Thereafter plaintiff moved the Circuit Court to set aside the decree on the following grounds: (1) That the decree was made without notice to and in the absence of the plaintiff and her attorneys; (2) that the decree provided for the registration of title in defendant Chamberlain, without any prayer or demand on his part to have it so registered; (3) that the wife of Chamberlain did not consent to have the property so registered; (4) that certain grantors of plaintiff were not served with process; (5) that the decree purports to grant relief not prayed for in any pleading; (6) that the decree purports to bar the dower of the wife of George E. Chamberlain; (7) that the decree does not state whether defendant Chamberlain is married or unmarried, and does not give the name of his wife; (8) that A. B. Seal and Jessie Seal, who are alleged in defendant's answer to claim some interest in the premises, have not been made parties; (9) that the registration act (commonly called the "Torrens Land Law") is unconstitutional.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John G. Wilson* and *Mr. O. C. Boggs,* with an oral argument by *Mr. Wilson.*

For respondents there was a brief and an oral argument by *Mr. Clarence L. Reames.*

Opinion PER CURIAM.

1, 2. The decree of the court entered in the absence of counsel was not void, but irregular, and it was in the discretion of the court upon seasonable motion and good cause shown to set it aside. On the merits no showing is made, except as we can consider the testimony taken in the court below to be a showing, and this indicates that the plaintiff's title rested upon a void tax title, accompanied with an insufficient adverse possession. Chamberlain was the actual owner of the property, and was therefore entitled upon the pleadings to have a decree to that effect, and to have the relative rights of the plaintiff and himself settled in the proceeding then pending. Equity, having once obtained jurisdiction, will administer complete relief.

3, 4. As to the other questions suggested, they are of no moment to plaintiff. If she has no rights in the premises as against Chamberlain, it is immaterial so far as she is concerned what decree the court makes between Chamberlain and other parties. The parties to this suit, having invoked the provisions of the registration law, cannot now be heard to say that it is unconstitutional.

5. Some question is raised as to the tender required by the court in this case. It appears that the Circuit Court required, as a condition precedent to the entry of a final decree for defendant, that he should tender to plaintiff the sum of $2,168 to cover taxes paid and improvements made upon the land by plaintiff. This sum was given without any deduction for rents and profits received by plaintiff from the premises, and, in view of the holding in *Parker* v. *Daly,* 58 Or. 564, (114 Pac. 926, 115 Pac. 723, 34 L. R. A. (N. S.) 545), was exceedingly liberal. It appears in this proceeding that defendant has withdrawn the money deposited in

the clerk's office, so that there is no sum available there at this time.

The defendant here having announced by his counsel that he is and has at all times been ready to abide the decision of the lower court, it is therefore ordered that decree be entered here affirming the title of defendant in the property in suit, and declaring plaintiff to have no title or interest therein, except that she have a lien upon the premises for the sum of $2,168, and that, if said sum is not paid within 90 days from the entry of the mandate in this cause in the court below, the premises may be sold, as upon the foreclosure of a mortgage, to satisfy the amount of such lien and costs of sale.   Neither party will recover costs in this court.

AFFIRMED.

All the Justices concur.