(No. 14110.—Reversed and remanded.)

THE SHOAL CREEK COAL COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(JAMES FILES, Defendant in Error.)

*Opinion filed December 22, 1921.*

1. APPEALS AND ERRORS—*when right to have question of liability to a money judgment reviewed upon the facts is waived.* The general rule is that the right to have the question of liability to a money judgment reviewed upon the facts by a judicial tribunal may be waived, and such waiver need not be express but may be by conduct which in justice and right will prevent an attack upon the law creating such liability.

2. CONSTITUTIONAL LAW—*when right to question validity of a statute is waived.* If a person takes part, without objection, in a proceeding which fixes his liability under a statute, he cannot later claim that the statute is unconstitutional as an invasion of personal rights secured to him where no question of public morals or policy is involved, as this question must be raised at the earliest opportunity and is waived by failure to object in the first instance.

3. SAME—*when objection to constitutionality of the Workmen's Compensation act is waived.* An objection that the Workmen's Compensation act is invalid because no provision is made for a review of the facts by a judicial tribunal is waived by a party who goes through with the proceedings required by the act without raising such objection until the case reaches the circuit court.

4. WORKMEN'S COMPENSATION—*when evidence does not sustain award for partial incapacity.* Where an injured coal miner has kept no record of his earnings or the amount of coal he was able to load either before or after receiving his injury, and does not dispute the facts proved by the employer as to such earnings, showing that his average day's work after the injury was practically the same as before and his average daily wages greater because of a small increase in the rate of pay per ton, an award of $5.15 for 405 weeks for partial incapacity cannot be sustained merely on the employee's testimony that he was able to load only about half as much coal per day after his injury as he did before.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding.

HILL & BULLINGTON, for plaintiff in error.

A. W. KERR, and SAM GILBERT, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, James Files, while working as a miner for the plaintiff in error, the Shoal Creek Coal Company, in loading coal in its mine, was injured on October 22, 1919, by the falling of a rock from the roof. Medical services were furnished by the plaintiff in error and $90.86 was paid to him as compensation under the Workmen's Compensation act. His application for an adjustment of his claim for additional amounts on account of temporary total incapacity for work and partial incapacity after the period of total inability to work was heard before an arbitrator, and it was stipulated that the accident arose out of and in the course of his employment; that he was unmarried; that his yearly wage was $1340 and his weekly wage $25.70; that medical services had been furnished and $90.86 paid as compensation, and that the only question in dispute was the extent of the disability. The arbitrator made an award of $12 per week for 11 weeks for temporary total incapacity and $5.15 per week for 405 weeks for partial incapacity for work. The arbitrator found that $5.15 per week was one-half of the difference between the weekly wage earned by the applicant before the accident and what he was able to earn afterward in a suitable employment. Upon a review of the decision of the arbitrator on the petition of the plaintiff in error the Industrial Commission affirmed the award. The plaintiff in error sued out of the circuit court of Montgomery county a writ of *certiorari* commanding the Industrial Commission to certify its record to the court. A return was made, and the plaintiff in error moved the court to set aside the award and dismiss the proceedings for the reason that the Workmen's Com-

pensation act of 1919, under which the proceeding was had, was unconstitutional and void because in conflict with the constitutions of the State of Illinois and the United States by limiting the review in the circuit court to questions of law. The court denied the motion and found against the plaintiff in error on the merits and affirmed the award.

Counsel for the defendant in error have argued at some length that the Workmen's Compensation act of 1919 did not violate any constitutional provision and was a valid enactment, but if plaintiff in error had waived any right it might have had to question the validity of the act it would not be proper to consider the arguments on that question. The right claimed in the circuit court which it was alleged the act violated was a right under the State and Federal constitutions to have the facts upon which the claim of liability rested reviewed by a judicial tribunal. Being the right to have a liability to a money judgment reviewed upon the facts, the general rule is that such a right may be waived, and is waived not only by an express waiver but by a course of conduct which in justice and right will prevent an attack upon the constitutionality of the law. Anyone who claims that a statute is unconstitutional as an invasion of rights secured to him should raise the question at the earliest opportunity, and he may waive his constitutional right by taking part, without objection, in judicial proceedings otherwise unconstitutional as against him. If he takes part, without objection, in a proceeding which fixes his liability under the statute he has acknowledged its validity and cannot attack it as unconstitutional. (*Shepard* v. *Barron,* 192 U. S. 553; *Humbird* v. *Avery,* 195 id. 480; *Hellen* v. *City of Medford,* 188 Mass. 42; 6 R. C. L. 94; 12 Corpus Juris, 773; 19 Ann. Cas. 181, note.) In *People* v. *Rodgers Co.* 277 Ill. 151, where the People had brought a suit under the act for licensing architects and contended in this court that section 5 of the act was unconstitutional, it was held that they were in no position to ques-

tion the validity of the act and it was not possible for the court to consider a constitutional question as raised.   In that case the objection was made by the party bringing the suit, but the court has repeatedly held that the right to question the constitutionality of a law under which an action is brought is waived by prosecuting an appeal from the judgment to the Appellate Court and submitting the case for review to a court having no authority to decide constitutional questions.   (*Indiana Millers' Mutual Fire Ins. Co. v. People,* 170 Ill. 474;  *Barnes* v. *Drainage Comrs.* 221 id. 627;  *Case* v. *City of Sullivan,* 222 id. 56;  *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *City of Chicago,* 242 id. 178.)   The failure to raise any objection to a proceeding amounting to an invasion of a constitutional right constitutes a waiver of the right, and if the Compensation act and all proceedings under it were void because in conflict with the State and Federal constitutions it was the right and duty of the plaintiff in error to avail itself of the objection at the first reasonable opportunity.   Instead of doing that it furnished medical services, paid compensation under and by virtue of the act, appeared before the arbitrator and Industrial Commission and claimed the benefit of what it had furnished and paid, stipulated facts which were necessary to be proved by the applicant, and made no suggestion that the proceedings in any way invaded its constitutional rights.   No question of public morals or public policy prevented the waiver of the objection to the statute, and the right being personal to the plaintiff in error, it must be held that it acknowledged the validity of the statute and any question as to its constitutionality was waived.

On the hearing before the arbitrator it was proved that the rock which fell struck the applicant on the back of the neck, head and shoulders; that no bones were broken; that he was in a hospital at St. Louis about a week and was at home six or seven weeks before he returned to work, on December 29, 1919, and had worked until the week of the

hearing, when he got into a fight and was discharged. He said that before he was injured he could load from fifteen to eighteen tons of coal a day and after he returned he could load seven or eight and sometimes ten tons, but the average was about eight or nine; that before the injury he received sixty-six cents a ton for loading and after he returned received seventy-five cents a ton; that he kept no record of his earnings or the amount of coal he loaded either before or after the injury; that he could not remember how much he worked after the injury, but he lost some time; that he did not know how many days he lost, but he thought about fourteen days when the mine worked, and that he suffered pain in his neck and shoulders. At the time of the hearing there were no physical changes in the applicant but there was pain on pressure, and the muscles of the neck and shoulder were bruised so badly in the injury that it took them a long time to heal. While the applicant stated what he could do before and after the injury, it was proved, and not questioned in any way or denied, that in fact he worked fifty-three days and six hours before the injury and received sixty-six cents a ton, amounting to $355.03, which showed an average of not exceeding ten tons per day. Before the injury his average earnings were $6.60 per day and after he returned to work they averaged $6.76 per day, but the rate was higher per ton after the injury. As the applicant kept no record of his earnings or the amount he loaded either before or after the injury and did not dispute facts proved as to such earnings, it is manifest that the competent evidence did not sustain the award for partial incapacity. The average earnings before the injury were stipulated to be $25.70, and the finding of $10.30 per week as the difference between what the applicant earned before the injury and what he earned or was able to earn afterward, taking into account the increased rate per ton, is not supported by competent evidence.

The judgment of the circuit court as to partial incapacity at $5.15 for 405 weeks is reversed and the cause remanded to the circuit court, with directions if the applicant shall move to have the cause remanded to the commission for further consideration and evidence it shall be so remanded.   *Reversed and remanded, with directions.*