[Civil No. 2036.   Filed June 16, 1924.]

[226 Pac. 908.]

E. W. STUART, Appellant, v. W. S. NORVIEL, State
Water Commissioner, JAMES REAY and MIN-
NIE B. REAY, His Wife; EMMETT POWERS
and C. F. McCORD, Partners Under the Firm
Name of POWERS & McCORD; F. W. KEEL-
ING and E. W. BUSH, Partners Under the Firm
Name of BUSH & KEELING; ROBERT L.
HERRELL   and   SARAH   L.   HERRELL;
HELEN BROWN and ELSIE TOLES, Partners
Under the Firm Name of BROWN and TOLES;
ELIZABETH GURNETT; J. W. JOHNSON;
MARY P. SHIRTZ; UNITED STATES FOR-
EST SERVICE; ROBERT D. CHENOWETH
and I. E. CHENOWETH, Partners Under the
Firm Name of CHENOWETH BROTHERS;
S. F. MALONEY and C. N. CATLIN, Appellees.

1. CONSTITUTIONAL LAW — PETITIONER WHO INVOKED AID OF WATER
   CODE HELD NOT ENTITLED TO QUESTION ITS CONSTITUTIONALITY.—
   Petitioner *held* not entitled to question the constitutionality of
   Laws 1919, chapter 164, known as the Water Code, the aid of
   which he with others, invoked by petition filed with the water com-
   missioner under section 16 to determine relative rights of various
   claimants to certain water.

2. CONSTITUTIONAL LAW—WATER CODE HELD NOT VOID AS INVESTING
   COMMISSIONER WITH "JUDICIAL POWER."—Laws 1919, chapter 164,
   and particularly sections 16–20, 22–28, empowering the water com-
   missioner to hear and determine relative rights to waters, *held*
   not violative of Const., art. 6, section 1, as investing the commis-
   sioner with judicial powers, since the power to decide and pro-
   nounce the judgment and to carry it into effect is reposed in the
   superior court; "judicial power" being the power of a court to de-
   cide and pronounce a judgment and carry it into effect between
   persons and parties who bring a case before it for decision.

3. CONSTITUTIONAL LAW—WATERS AND WATERCOURSES—WATER CODE
   HELD VALID.—Laws 1919, chapter 164, which authorizes the water

1.   See 10 R. C. L. 836.
2.   See 6 R. C. L. 172.
3.   See 6 R. C. L. 433.

commissioner to hear and determine the relative rights of persons to water, and which in section 28 empowers the superior court to enter the final decree affirming or modifying the order of a commissioner, *held* not violative of Const., art. 2, section 4, guaranteeing due process of law.

4. APPEAL AND ERROR—SCOPE OF REVIEW AS TO SUFFICIENCY OF EVIDENCE TO SUSTAIN FINDINGS.—On appeal from a judgment of the superior court affirming the findings and order of water commissioner, pursuant to Laws 1919, chapter 164, section 28, in proceedings to determine rights of water users, the appellate court does not sit as a trial court, but may determine only whether sufficient evidence exists reasonably tending to support the findings.

5. WATERS AND WATERCOURSES—COURT'S DENIAL OF MOTION TO REFER CASE BACK TO WATER COMMISSIONER HELD NOT ABUSE OF DISCRETION.—Trial court in proceedings instituted before water commissioner, pursuant to Laws 1919, chapter 164, section 16, to determine water rights, *held* not to have abused its discretion in denying motion under section 28 to refer case back to water commissioner for the taking of further testimony, where the motion was not supported by any showing of the proposed evidence claimed to be newly discovered.

APPEAL from a judgment of the Superior Court of the County of Cochise. Albert M. Sames, Judge. Affirmed.

Mr. David Benshimol, for Appellant.

Messrs. Doan & Stephenson, for Appellees.

STRUCKMEYER, Superior Judge.—Cave Creek is a small stream of water in Cochise county from which the appellant and appellees had, prior to June 7, 1920, appropriated and put to beneficial use water for agricultural purposes. On June 7, 1920, eleven of the water users of Cave Creek, pursuant to chapter 164, Session Laws of 1919, known as the Water Code, filed a petition with the state water

---

4.   See 2 R. C. L. 204.

5.   See 2 R. C. L. 211.

　　　See 4 C. J. 844; 12 C. J. 773, 902, 1240; 40 Cyc. 737 (1925 Anno.).

commissioner requesting the determination of the relative rights of the users to the waters of Cave Creek.

The petition of the users was based upon section 16 of chapter 164 of the act of the legislature. The water commissioner took testimony, and proceeded in accordance with the sections of the Water Code, and, after the expiration of the time provided by the act, made certain findings and orders of determination which were then filed by him in the superior court of Cochise county, and the court fixed a day for the hearing upon the determination of the commissioners, of which due notice was given.

To the findings and order of determination made by the commissioner the appellant excepted in writing, setting forth his objections, and specifically excepting to the findings and order of determination on the ground that such findings and determination were unreasonable, unjust, and inequitable, depriving the appellant of vested water in Cave Creek.

The court fixed a day for the hearing of the exceptions. The appellant appeared on the day so fixed, and offered to introduce evidence in support of his exceptions, which offer was rejected, and judgment entered by the court, approving and confirming the findings and order of determination, and overruling appellant's motion to refer the proceedings back to the water commissioner for the taking of further testimony. A motion in arrest of judgment and a motion for rehearing and new trial having been denied, the appellant prosecutes this appeal.

The appellant in his brief brings for determination to this court two primary questions stated in his brief as follows:

"First, as to the constitutionality of the statute (chapter 164 of the Laws of 1919) and the proceedings had and taken thereunder in this cause, and of the order entered in said proceedings by the water

commissioner; and, second, as to the procedure in court after the findings and order of determination of the water commissioner were filed in the clerk's office of the superior court.''

The appellant, with others, filed in the office of the water commissioner the petition requesting a determination by the commissioner of the relative rights of the various claimants to the water. This petition was filed under section 16 of the act of the legislature in question. He thus affirmatively invoked the aid of the act of the legislature which he now seeks to have declared unconstitutional; for the determination of his claims, for the settlement of his controversy with others, he sought the powers of the water commissioner, whose powers under the law to act he is now denying.

We believe the rule to be well established, sound in principle, and firmly recognized by the courts, that one who has invoked the provisions of a statute, who has sought to avail himself of its terms, who has been an actor thereunder, may not thereafter question its constitutionality. *Shoal Creek Coal Co.* v. *Ind. Com.*, 300 Ill. 551, 133 N. E. 218; *Kohler* v. *United Irr. Co.* (Tex. Civ. App.), 222 S. W. 337; *County Commrs.* v. *County Commrs.*, 93 Ohio St. 37, 112 N. E. 147; *Lewis* v. *Chamberlain*, 69 Or. 476, 139 Pac. 571; *Ross* v. *Lipscomb*, 83 S. C. 136, 137 Am. St. Rep. 794, 65 S. E. 451; *Purcell* v. *Conrad*, 84 Va. 557, 5 S. E. 545; *Home S. Bk.* v. *Morris*, 141 Iowa, 560, 120 N. W. 100; *Baldwin* v. *Kouns*, 81 Ala. 272, 2 South. 638; *De Noma* v. *Murphy*, 28 S. D. 372, 133 N. W. 703; Cooley, Const. Lim. (7th ed.), 250, 251.

The appellant under the statute asked a determination of his rights by the commissioners. May he now, the determination being adverse, deny the existence of the power which by his very petition for the determination he asserted?

"There are cases where a law in its application to a particular case must be sustained, because the party who makes objection has, by prior action, precluded himself from being heard against it. Where a constitutional provision is designed for the protection solely of the property rights of the citizen, it is competent for him to waive the protection, and to consent to such action as would be invalid if taken against his will." Cooley, Const. Lim., *supra.*

"In civil proceedings the acts of the parties to the litigation which by fair inference acknowledged the validity of a statute are binding, and will preclude such parties from attacking such statute as unconstitutional. Thus a party seeking to enforce a statute, or to avail himself of its provisions, may not question its constitutionality." 12 C. J. 773.

"The appellee, having availed himself of the benefit of the statute, and in his bill claiming under it, is estopped in this litigation from contesting its validity, whether it be constitutional or not." *Purcell* v. *Conrad, supra.*

"A party invoking the provisions of a statute is not in a position to raise the question as to its constitutionality." *Ross* v. *Lipscomb, supra.*

"The plaintiff himself, as a petitioner, having invoked the law to establish this drainage ditch, cannot, after the establishment thereof, object to the constitutionality of the law." *De Noma* v. *Murphy, supra.*

Notwithstanding that the appellant may not question the constitutionality of the act, we have considered its validity.

The constitutional objection urged is twofold: That the statute, reposing in the water commissioner the power to hear and determine the relative rights of the claimants to the water, invests such commissioner with judicial powers, and that the statute therefore contravenes section 1 of article 6 of the Constitution; and that the statute also violates section 4 of article 2, the guarantee of due process of law clause of the Constitution.

26 Ariz.—32

A summary of the sections of the statute, pertinent to this inquiry, will at once destroy the force of the objection.

Section 16 provides that the commissioner upon his own initiative or upon a petition to him, signed by one or more water users upon any stream, requesting the determination of the relative rights of the various claimants to the waters of that stream, shall, if upon investigation he finds the facts and conditions such as to justify, make a determination of the said rights, fixing a time for beginning the taking of testimony and the making of such examinations as will enable him to determine the rights of the various claimants.

Section 17 provides for the fixing of a date for the beginning of the investigation and for the giving of notice of the time and place when he will begin the taking of testimony as to the rights of the parties claiming water from such stream, such notice to be given by publication.

Section 18 provides for the sending by the commissioner, by registered mail, to each person claiming the right to the use of any water, such notice, to be similar to the notice required to be published, the notice to be mailed at least 30 days prior to the date set therein for making the examination or taking the testimony.

Section 19 provides for the furnishing by the commissioner of a blank form to be used by the claimant or owner in presenting in writing the particulars necessary for the determination of his rights.

Section 20 requires the claimant to certify to his statements under oath.

Section 22 provides that upon the completion of the taking of testimony the commissioner shall give notice to the various claimants that at a time and place named in the notice, not less than 10 days thereafter, all the evidence shall be open to inspec-

tion of the various claimants, and the commissioner is required to keep said evidence open to inspection at said place not less than 30 days.

Section 23 provides that any person claiming any interest in the stream or streams involved in the determination desiring to contest any of the rights of the persons who have submitted their evidence to the commissioner, such person shall within 5 days after the expiration of the period as fixed in the notice for public inspection notify the commissioner in writing, stating with reasonable certainty the grounds of his proposed contest, whereupon the commissioner shall notify the contestant and the persons whose rights are contested to appear before him at such convenient place as he shall designate.

Section 24 regulates the hearing before the commissioner of the contest, including the power to take further testimony, and compulsory attendance of witnesses.

Section 25 controls the commissioner's duties in the making of the investigations and examinations.

Section 26 directs the commissioner to make and cause to be entered of record in his office, findings of fact and an order of determination, determining and establishing the several rights to the waters of the stream. The original evidence and certified copies of the observations and measurements and maps of record in the office of the commissioner, and a copy of the order of determination and findings of the commissioner as they appear of record in his office, shall then be certified to and filed with the clerk of the superior court in the county in which reside the greatest number of the water users.

Section 26 then specifically provides:

"Such court, subject to the provisions of law for change of venue and change of judge, shall be the court in which determination of the water rights shall be made, and is referred to in this act as the

court. It shall become the duty of the judge or judges of said court to hear the determination and to enter a decision and decree and all expenses of the court in connection therewith not chargeable as costs shall be paid out of the state water fund. A certified copy of such order of determination and findings shall be filed in every county in which such stream, or any portion of a tributary, is situated with the county recorder. Upon the filing of such evidence and order with the court the commissioner shall procure an order from said court or any judge thereof, fixing the time at which the determination shall be heard in said court, which hearing shall be at least forty days subsequent to the date of such order. The clerk of said court shall, upon the making of such order, forthwith deliver a certified copy thereof, to the commissioner and said commissioner shall immediately upon receipt thereof notify each claimant or owner who has appeared in the proceeding, of the time and place for such hearing."

By section 27 the commissioner is required, after the final determination of the rights of the waters of any stream, to issue to each person a certificate setting forth the priority of date and the extent and purpose of such right of water.

Section 28 provides, in part:

"From and after the filing of the evidence and order of determination in the court, the proceedings shall be as near as may be like those in a suit in equity."

Section 28 also provides for exceptions to be taken by the parties to the findings and order of determination, for the giving of notice to the adverse party of such exceptions, and for the hearing by the court of the exceptions, for the remanding by the court to the commissioner for the taking of further testimony, if the court deems it necessary, and concludes:

"After final hearing, the court shall enter a decree affirming or modifying the order of the commissioner and may assess such costs as it may deem just. The

clerk of the court, immediately upon the entry of any decree by the said court shall transmit a certified copy of said decree to the commissioner, who shall immediately enter the same upon the record of his office.''

This summary of the provisions of the statute suffices to show that the water commissioner is not invested with judicial power. Judicial power is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for decision. The power to decide and pronounce the judgment affecting the rights of the parties to the use of the water of the stream and to carry the judgment into effect between the persons and parties is, by the act of the legislature in question, reposed in the superior court and not in the commissioner.

In the initiating of the proceedings by the commissioner, in the giving of notice to the claimants, in the taking of the statements of claims, in receiving evidence, and in making a determination, the commissioner merely paves the way for an adjudication by the court. The duties of the commissioner are not unlike those of a referee. Indeed, in his argument upon another question, the appellant has likened the commissioner to a master in chancery, a not inept comparison. The commissioner, upon his own initiative, or upon the petition of the water users upon the stream, merely brings the matter to the court for its adjudication, for its determination, for its decree establishing the rights of the several claimants. This adjudication, this determination, this decree, is the adjudication, determination and decree of the court and not of the commissioner. *Pacific Live Stock Co.* v. *Lewis,* 241 U. S. 441, 60 L. Ed. 1084, 36 Sup. Ct. Rep. 637 (see, also, Rose's U. S. Notes); *Vineyard L. & S. Co.* v. *District Court,* 42 Nev. 1, 171 Pac. 166; *Pitt* v. *Scrugham,* 44 Nev. 418, 195 Pac. 1101; *In re*

*Willow Creek,* 74 Or. 592, 144 Pac. 505, 146 Pac. 475; *Enterprise Irr. Dist.* v. *Tri-State L. Co.,* 92 Neb. 121, 138 N. W. 171; *Farm Investment Co.* v. *Carpenter,* 9 Wyo. 110, 87 Am. St. Rep. 918, 50 L. R. A. 747, 61 Pac. 258.

That the proceedings provided for by the act is due process of law seems self-evident. If the self-evident needs affirmation, the opinion of the Supreme Court of the United States in *Pacific Live Stock Co.* v. *Lewis, supra,* is all-sufficient.

Other questions urged by the appellant in this connection, such as the invalidity of section 29 of the act, that the act denies the right of trial by jury, these and others, do not in any manner arise upon this appeal.

The appellant has assigned error that certain of the findings are not supported by the evidence. In considering these assignments this court, of course, is not sitting as a trial court. The question we may consider is limited to the inquiry whether or not there is any evidence in the record reasonably tending to support the findings. A careful examination of the record, particularly the supplemental abstract of record, discloses evidence reasonably supporting the findings of the court.

The appellant moved the court to refer the case back to the water commissioner for the taking of further testimony, asserting newly discovered evidence. The motion was not supported by any showing of the proposed evidence claimed newly discovered. Certainly we cannot say that the trial court abused its discretion in denying a re-reference.

We find no substantial error in the record, and the judgment is affirmed.

ROSS and LYMAN, JJ., concur.

McALISTER, C. J., took no part in the decision of this case. Hon. FRED C. STRUCKMEYER, Superior Judge, Maricopa County, sat in his place and stead.