## B. W. BRADY, Appellant, v. WILLIAM PLACE, Employer, and STATE INSURANCE FUND, Surety, Respondents.

### [242 Pac. 314.]

STATUTES—REPEAL BY IMPLICATION—WORKMEN'S COMPENSATION LAW —PROCEDURE—INDUSTRIAL ACCIDENT BOARD—APPEAL TO DISTRICT COURT — "TRIED"—TRIAL BY JURY—CONSTITUTIONAL GUARANTY— ENFORCEMENT OF STATUTE — QUESTIONING CONSTITUTIONALITY — FINDINGS OF FACT—EVIDENCE—INSUFFICIENCY.

1. A subsequent statute does not repeal an earlier one by implication, unless the two are irreconcilable and inconsistent.

2. The provision of C. S., sec. 6270A, that, on appeal from the industrial accident board to the district court, the case shall be "tried" by the district court, does not imply a trial on the facts.

3. The right to a trial by jury was a common-law right, and is strictly enforceable only as to rights, remedies and actions triable by jury under the common law, and not necessarily as to new or different rights or remedies not in existence or in contemplation of the constitution when adopted.

4. A party seeking to enforce a statute, or to avail himself of its provisions, may not question its constitutionality.

5. *Held*, that certain findings of fact and the decision of the industrial accident board herein are contrary to law.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Appeal from judgment of the district court affirming the decision of the industrial accident board denying an award

1. See 25 R. C. L. 919.

3. Power of legislature to dispense with trial by jury, see note in 48 Am. Dec. 185.

General scope of constitutional provisions guaranteeing right of trial by jury, see note in 1 Ann. Cas. 703.

Relation of Magna Charta to trial by jury, see note in Ann. Cas. 1914A, 873. See, also, 16 R. C. L. 194.

in a proceeding under the workmen's compensation law. *Reversed and remanded.*

E. V. Boughton, for Appellant.

"The cause of the injury is not required to be proved with absolute certainty." (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068.)

The legislature has no power to prescribe a jurisdiction for the district court less broad than that contained in sec. 20 of art. 5 of the constitution. (*Fox v. Flynn*, 27 Ida. 580, 150 Pac. 44.)

The constitution contemplates that the district court shall have jurisdiction of all cases, both at law and in equity, and claimant was entitled to a jury trial, as provided by sec. 7 of art. 1.

If this court should determine that the claimant is entitled to compensation upon the record as submitted, it would be justified in ordering the district court to enter judgment in favor of claimant. (*Johnston v. A. C. White Lumber Co.*, 37 Ida. 617, 217 Pac. 979.)

A. H. Conner, Attorney General, and Herbert Wing and John W. Cramer, Assistant Attorneys General, for Respondents.

"The well-settled rule that forbids this court to reverse a trial court in cases in which the evidence is conflicting but sufficient to sustain a decision applies to the findings of fact made by the industrial accident board in cases of this kind, and is applicable likewise to the district court in reviewing the decisions of said board, the jurisdiction of said courts in such cases being limited to a review of questions of law." (*McNeil v. Panhandle Lbr. Co.*, 34 Ida. 773, at 783, 203 Pac. 1068; *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, at 721, 218 Pac. 356.)

Issues of law, as well as issues of fact, are tried. (C. S., sec. 6836; C. S., sec. 6270.)

Construing these two sections together, it is plainly apparent that upon appeal from the decision of the in-

dustrial accident board, the court's jurisdiction is limited to a review of questions of law, and upon such appeal the court shall try those questions of law.

The provisions of the constitution that guarantee a right to trial by jury refer to the right as it existed at the date of the adoption of the constitution. (*Christensen v. Hollingsworth*, 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Shields v. Johnson*, 10 Ida. 476, 3 Ann. Cas. 245, 79 Pac. 391; *Cunningham v. Northwestern Improvement Co.*, 44 Mont. 180, 119 Pac. 554.)

TAYLOR, J.—B. W. Brady was employed as a barber by William Place, in Coeur d'Alene, for approximately two years immediately preceding March 1, 1922, During the last week in February of that year, sometime between the morning of Thursday, the 23d, and the evening of Sunday, the 26th, a sliver of wood pierced the thumb of Brady's right hand. Infection of a serious nature ensued, necessitating hospital care and medical treatment. As a result of the injury, Brady's right hand and forearm became permanently disabled.

Brady instituted this proceeding before the industrial accident board against William Place, the employer, and the state insurance fund, as surety, to recover compensation under the workmen's compensation law. A hearing was held before a member of the industrial accident board. The claimant introduced evidence tending to prove that the sliver pierced his thumb while he was building a fire in a stove in the barber-shop in which he was employed, either on Thursday or Friday morning. The defendants introduced evidence tending to show that the claimant told Place, his employer, and W. B. Camblin, a coemployee, on Monday morning, February 27, 1922, that the sliver pierced his thumb while he was putting wood in a stove in his own home on Sunday evening, February 26th. The commissioner made findings of fact and rulings of law adverse to the claimant, denied an award, and dismissed the proceeding.

On petition for review before the industrial accident board, additional evidence by depositions was submitted and considered by the board in conjunction with a review of the whole case. The board rendered its decision, including findings of fact, rulings of law, and an order that no award be made to the claimant and that the proceeding be dismissed. The claimant appealed to the district court, filing therein, besides the notice of appeal, a "formal demand for a trial *de novo* in the district court, and for a trial by jury." The district court denied this demand, and, after reviewing the decision of the board, entered judgment affirming the decision, from which judgment claimant appeals.

Appellant's specification of errors will be treated in order. He first contends that the provision of C. S., sec. 6270, that "on such appeal (from the industrial accident board to the district court) the jurisdiction of said court shall be limited to a review of questions of law," is repealed by C. S., sec. 6270A (Sess. Laws 1921, p. 479), which provides that "the case thereafter shall be tried by the court," and that the latter provision means a trial *de novo* on questions of both law and fact. A subsequent statute does not repeal an earlier one by implication, unless the two are irreconcilable and inconsistent. They should be harmonized if possible by reasonable construction. The language of the act of 1921, creating C. S., sec. 6270A, recites that C. S., c. 236, is amended by inserting therein, immediately following C. S., sec. 6270, a new section, designated sec. 6270A. The provision of C. S., sec. 6270A, that "the case thereafter shall be tried by the court," is not irreconcilable or inconsistent with the provision of C. S., sec. 6270, that "the jurisdiction of said court shall be limited to a review of questions of law," and the word "tried" must be held to refer to issues of law alone, which, of course, precludes a jury trial.

To hold that a trial *de novo* should be had would be to overlook and render meaningless the further provision of the same sec. 6270A, that "a transcript of the evidence" be-

fore the board shall be filed in the district court, and "upon the trial of such action the court shall disregard any irregularity or error of the board, unless it be made to affirmatively appear that the party was damaged thereby," purely an inquiry as to matters of law.

Appellant's next contention is that if C. S., secs. 6270 and 6270A, be construed as denying his right to a trial *de novo* by a jury, and as restricting the district court on appeal to a review of questions of law alone, such provision and the provisions of C. S., sec. 6214, which purports to abolish the jurisdiction of the courts over causes arising from injuries covered by the workmen's compensation law, are unconstitutional as in contravention of Idaho Const., art. 1, sec. 7, art. 2, sec. 1, art. 5, secs. 1, 2, 13, 20. The right to a trial by jury was a common-law right, and has been repeatedly held to be strictly enforceable only as to rights, remedies and actions triable by jury under the common law, and not necessarily as to new or different rights or remedies not in existence or in contemplation of the constitution when adopted. (*Shields v. Johnson,* 10 Ida. 476, 3 Ann. Cas. 245, 79 Pac. 391; *Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Cunningham v. Northwestern Improvement Co.,* 44 Mont. 180, 119 Pac. 554.) Appellant has not sought to bring, nor on the facts did he have, a common-law action for recovery of damages. His claim and the facts disclose nothing in the nature of a common-law action for tort, but in fact a purely accidental injury, which would have given him no cause of action, right or remedy under the common law, or under statute prior to the enactment of the workmen's compensation act.

Appellant has sought to avail himself of the provisions of the law, and he has asserted rights under, and has endeavored to enforce it. When he instituted this proceeding before the industrial accident board, he complied with the provisions of the law relative to such proceedings, and made no complaint or protest that the law was unconstitutional. He pursued the statutory remedy in the hope of gaining the relief he sought, and after being denied

such relief, he now says that the remedy provided by the law is contrary to the constitution. It is true that appellant has received no benefits under the law, but he has availed himself of its provisions and attempted to procure relief thereby. A party cannot avail himself of the provisions of a law and take his chances on recovering under it, and, when he fails to recover, reverse his position, and contend that the law was not valid in the first place.

A party may waive constitutional rights. (*People v. Scott*, 52 Colo. 59, 120 Pac. 126.) It has also been held that a question of the constitutionality of a statute must be raised at the earliest possible moment consistent with good pleading and orderly procedure; otherwise it will be deemed to have been waived. (*Lohmeyer v. St. Louis Cordage Co.*, 214 Mo. 685, 113 S. W. 1108.) The weight of authority holds that a party seeking to enforce a statute, or to avail himself of its provisions, may not question its constitutionality. (*Lewis v. Chamberlain*, 69 Or. 476, 139 Pac. 571; *Home Sav. Bank v. Morris*, 141 Iowa, 560, 120 N. W. 100; *State v. Currens*, 111 Wis. 431, 87 N. W. 561, 56 L. R. A. 252; *People v. Rodgers Co.*, 277 Ill. 151, 115 N. E. 146; *Galveston, H. & S. A. Ry. Co. v. Pennington* (Tex. Civ. App.), 166 S. W. 464; *People v. Murray*, 5 Hill (N. Y.), 468; 12 C. J., 773, sec. 199.)

Appellant's further specification of error that "The facts found by the Board are not supported by the evidence, and the evidence is wholly insufficient to support the 'decision on review' of the Board," may be treated as a specification that the evidence was insufficient to support the findings of fact, or that the findings of fact were insufficient to support the rulings of law and the decision.

It is the opinion of a majority of the court, from which I most heartily dissent, that the evidence is wholly insufficient to sustain the findings of the board adverse to appellant, particularly that the injury of appellant was not suffered in the due course of his employment, but is full, ample and sufficient to sustain findings and a decision in favor of appellant, and to entitle him to recover, and, therefore, that such findings adverse to appellant are contrary to

the law. The findings are ample as to the elements to be considered in rendering a judgment in favor of appellant.

The judgment of the district court is therefore reversed, and the cause remanded with instructions to direct the industrial accident board to make and enter an award in favor of appellant. Costs to appellant.

Wm. E. Lee, Budge and Givens, JJ., concur.

(February 10, 1926.)

ON MOTION TO RETAX COSTS.

[243 Pac. 654.]

COSTS—TAXATION OF COSTS AGAINST STATE INSURANCE DEPARTMENT —STATUTORY CONSTRUCTION—GENERAL AND SPECIAL PROVISIONS.—

1. While under C. S., sec. 6291, the state insurance department may sue and be sued in all actions or proceedings arising in connection with the state insurance fund or business relating thereto, such liability, under the provisions of C. S., sec. 6288, does not extend beyond the amount of the insurance fund.

2. Under the provisions of C. S., secs. 6289, 6290, 6292, 6302 and 6315, the state insurance department is authorized to administer the state insurance fund, which, the same as any private insurance company, is answerable for payment to the employee.

3. C. S., sec. 6272, being a special provision in regard to costs, will be confined to the subject matter treated of therein, and it will not be presumed that it was intended to supersede the general provisions for taxation of costs contained in C. S., sec. 7212.

4. *Held*, that the costs on appeal in this court in the instant case are taxable against the respondent, to be paid from the state insurance fund.

TAYLOR, J.—Counsel for respondent state insurance fund have filed objections to the taxation of costs herein, and in support thereof contend that the department of finance, under C. S., sec. 6291, is in fact respondent, and that this is thus in fact a suit against the state itself; that if any costs are taxed, they are taxed as a charge against the state; that no costs are allowable unless there is an express provision of statute therefor; that C. S., sec. 7212, being a general statute, making no express reference to the

state, is not applicable herein; that if these costs are taxed under C. S., sec. 7223, that section is unconstitutional under Idaho Const., art. 4, sec. 18, which vests exclusive power to allow claims against the state in the state board of examiners; that C. S., sec. 6272 (as amended, Sess. L. 1921, c. 217, sec. 14, p. 480), is particularly applicable to the workmen's compensation law; and that, as this section provides:

"If the board, or any court before whom any proceedings are brought under this act, determines that such proceedings have been brought, prosecuted or defended without reasonable ground, he or it may assess the whole cost of the proceedings upon the party who has so brought, prosecuted or defended them," and as there is no contention that this cause was "defended without reasonable ground," there is thus no provision for the taxation of costs.

Respondent's contention that the department of finance is in truth and in fact the respondent herein, and that thus the state is a party, is only tenable in a limited sense. By C. S., sec. 6291, the department may sue and be sued "in all actions or proceedings arising out of anything done or (suffered) in connection with the state insurance fund or business relating thereto." While counsel contend that the state is thus a party, its liability does not extend beyond the amount of the insurance fund, C. S., sec. 6288, providing, "Such fund shall be administered by the department . . . . without liability on the part of the state beyond the amount of such fund," and that "Such fund shall be applicable to the payment of losses sustained on account of insurance and to the payment of compensation under the workmen's compensation law and of expenses of administering this article." By C. S., sec. 6290, the department is given full power to conduct all business in relation to the fund in the official name of the department. It is authorized to make contracts of insurance (C. S., sec. 6292); it is "vested with full authority over the said fund, and may do any and all things which are necessary or con-

venient in the administration thereof, or in connection with the insurance business to be carried on by the department under the provisions of this chapter.'' (C. S., sec. 6289.) It is required to keep an account of ''the amount disbursed from the state insurance fund for expenses.'' (C. S., sec. 6302.) The department submits an estimate to the state board of examiners to meet current disbursements. (C. S., sec. 6315), to be paid out of the state insurance fund. The department, while defendant, is thus only administering the insurance fund, which, the same as any private insurance company, is answerable for the payment to the employee.

If respondent's construction is correct, then the principal sum of the claim, as well as costs, must be a claim against the state. Surely, the legislature had no such intention, nor is it within the intent of the constitution.

C. S., sec. 6272, must have been enacted in contemplation of the existence of C. S., sec. 7212, a general statute upon the matter of allowance of costs upon appeal. Provision is made in the workmen's compensation law for payment of some of the costs thereof, such as, stenographic reports, ''at the cost of such party''; for the fees and traveling expenses of witnesses, ''to be paid by the party in whose interest such witnesses are subpoenaed.'' (C. S., sec. 6261.) C. S., sec. 6266 (as amended, Sess. L. 1921, c. 217, sec. 9, p. 478), makes provision for appointment of a physician, to be paid by the state, as the other expenses of the board are paid, provided that the injured employee and the employer may each ''at his own cost have a physician present.''

Thus, it appears that C. S., sec. 6272, in the use of the term, ''the whole cost of the proceedings,'' contemplates that if a court should determine that a proceeding was ''defended without reasonable ground,'' it could tax costs against the party not taxable otherwise, as the ''whole cost'' of the proceeding. It being a special provision, it will be confined to the subject matter treated of therein, and it will not be presumed that it was intended to supersede general provisions for taxation of costs.

" . . . . Positive and explicit provisions, comprehending in terms a whole class of cases, are not to be restrained by applying to those cases an implication drawn from subsequent words, unless that implication be very clear, necessary, and irresistible." (25 R. C. L., p. 1011, sec. 250.)·

We thus conclude that the costs in this court are taxable against the respondent, to be paid from the insurance fund.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.