VERN OREN v. SWIFT & COMPANY and SECURITY MUTUAL CASUALTY COMPANY, Appellants.—51 S. W. (2d) 59.

Division One, June 13, 1932.

*Russell Field* and *Brown, Douglas & Brown* for appellants.

*Platt Hubbell* and *Geo. H. Hubbell* for respondent.

FERGUSON, C.—Vern Oren, an employee of Swift and Company, commenced this proceeding under the Workmen's Compensation Act by filing his claim for compensation with the Workmen's Compensation Commission. The claim states: "claim is hereby made for compensation as provided in the Missouri Workmen's Compensation Act, for personal injury of the employee arising out of and in the course

of his employment, both employer and employee having elected to accept said act before and at the time of the accident." Swift and Company is named as employer and Security Mutual Casualty Company as insurer. It is then stated that the accident occurred on March 18, 1929, at the plant of Swift and Company at Trenton, Missouri, as claimant "was lifting a can full of cream and while turning and lifting he stepped onto a piece of butter whereupon claimant's left foot shot from under him causing him to fall violently back against some other cans of cream," and that claimant sustained permanent injuries to his back and spine therein described. The employer and insurer named in the claim filed joint answer admitting "all of the statements in the claim" except the average weekly wages, the disability, nature and extent of injury and the happening of the accident, as alleged therein, which are denied. Thereupon a hearing, upon the claim, was had, at Trenton, before a referee representing the Workmen's Compensation Commission and the testimony of claimant and witnesses called by both claimant and the employer was heard, transcribed and reported as provided for in the Compensation Act, Sections 3339 and 3357, Revised States 1929. At this hearing the employee offered testimony tending to show an injury, as described in his claim, resulting from the alleged accident and the employer offered testimony in an effort to show that the employee's physical condition could not have been the result of the accident described. The referee made a finding and award in favor of the employer and against the claim "for the reason that employee's condition is not the result of an accidental injury arising out of and in the course of his employment." Pursuant to Section 43 of the Workmen's Compensation Act, (Sec. 3341, R. S. 1929) claimant made application to the commission for a review of the award made by the referee. Upon a review of the evidence, by the full commission, a final award was made by the commission (Sec. 44, Workmen's Compensation Act Sec. 3342, R. S. 1929) in favor of the employer and insurer "and against the employee . . . for the reason that employee's condition is not the result of an accidental injury arising out of and in the course of his employment." Under the provisions of Section 44 of the Compensation Act (Sec. 3342, R. S. 1929) the claimant appealed to the Circuit Court of Grundy County. Said Section 44 provides that the circuit court on such appeal "shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts found by the commission do not support the award; (4) That there was not sufficient competent evidence in the record to warrant the mak-

ing of the award." However in the circuit court claimant, appellant there, did not present nor ask a determination of, and the court did not pass upon, any of the questions thus made reviewable by the circuit court. The only matter presented by claimant in the circuit court was what is denominated as a motion to quash and set aside the award of the Workmen's Compensation Commission on the ground that the Workmen's Compensation Act is unconstitutional. The motion charges that Sections 41, 42, 43, 44 and 45 of the act "confer and grant jurisdiction and judicial power over the subject-matter of the act" to the Workmen's Compensation Commission and that same contravene Sections 1, 22 and 23 of Article 6 of the Constitution of Missouri and prays the court to declare said sections of the act unconstitutional and void, to quash and set aside the award of the commission and tax the costs of the proceeding against the employer and insurer. The court sustained the motion holding "Sections 41-45 inclusive" of the act to be "unconstitutional and void for the reasons set forth in said motion and that the Missouri Workmen's Compensation Act contravenes Sections 1, 22 and 23 of Article 6 of the Missouri Constitution" and entered judgment decreeing that " said award be quashed, set aside and for naught held" and "that the claimant and appellant herein" recover of the employer and the insurer, the costs of the proceeding. From this judgment the employer and the insurer appealed.

It is conceded that both the employee, the claimant, and the employer elected to accept the provisions of the Workmen's Compensation Act as the claim filed, and by which this proceeding was commenced, states and the employer's answer thereto admits. "The Compensation Acts are based on a new theory of compensation distinct from the existing theories of damages, the underlying conception being one of insurance. The liability created has no reference to negligence or tort." [Kiser on Workmen's Compensation Acts (Corpus Juris Treatise) pp. 6 and 7.] The Missouri Act (Sec. 3, Sec. 3301, R. S. 1929) provides: "If both employer and employee have elected to accept the provisions of this chapter, (the Workmen's Compensation Act) the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment." The act "is not supplemetal or declaratory of any rule, right or remedy accorded by the common law to an employee . . . but creates an entirely new right or remedy, in favor of an employee who has elected to accept the provisions of said act." [DeMay v. Liberty Foundry Co., 327 Mo. 495, 37 S. W. (2d) 640.] The claimant in this proceeding had elected to accept and come under the provisions

of the act. Following the alleged accident and relying upon the terms and provisions of the act he filed his claim with the commission asserting the right to compensation conferred by the act upon an employee. The right thus asserted was created and exists solely by virtue of the provisions of the act. He submitted his claim to the commission in the manner prescribed by the act therefor and from an adverse award by the referee made application for a review by the full commission. From the adverse award of the full commission, on review, he appealed, in the manner provided by the act, to the circuit court where he filed a motion to quash the award on the ground that the very sections of the act under which he had proceeded were unconstitutional. Claimant is not in position to question the validity of the act under which he claims and seeks to enforce a right thereby created, upon the provisions of which he relies and pursuant to the terms of which he filed and prosecuted his claim. The beneficiaries under a statute must accept it as it stands and cannot be heard to say they will reject in part and accept in part. Claimant is not in position to question the jurisdiction of the Workmen's Compensation Commission which he himself invoked merely because of an adverse decision. He instituted this proceeding by filing a claim with the commission under the provisions of the act thereby asserting a right derived soley from the act and pursuing a remedy given solely by the act. For a determination of his claim he invoked the jurisdiction and powers of the commission conferred by the act but the decision being adverse he then undertakes to deny the validity of the powers which, by filing and prosecuting his claim under the act, he recognized and invoked. He has sought to avail himself of the provisions of the Compensation Act, asserting rights thereunder and following the procedure prescribed therein has endeavored to enforce such rights. He pursued this statutory remedy in the hope of establishing his right to compensation as provided for by the act and when his claim is heard and denied he says that the remedy prescribed by the act is contrary to the Constitution. A party cannot avail himself of the provisions of a statute, take his chances on recovering under it, and, when he fails to recover reverse his position and contend that the law was not valid in the first place. He cannot be permitted to thus experiment with the law. We think the rule well established that one who has invoked the provisions of a statute and acting thereunder has sought to avail himself of the benefits and rights conferred by such statute may not thereafter, in the same proceeding, question its constitutionality. [State ex rel. Crandall v. McIntosh et al., 205 Mo. 589, 103 S. W. 1078; Great Falls Mfg. Co. v. The Attorney-General, 124 U. S. 581, 598; Hurley v. Commission of

Fisheries, 257 U. S. 223; Hirsh v. Block, 267 Fed. 614, 618; Brady v. Place, 41 Idaho, 747, 242 Pac. 314; Stuart v. Norviel, 26 Ariz. 493, 226 Pac. 908; Bogigian v. Long, Tax Commissioner, 248 Mass. 545, 143 N. E. 671; Purcell v. Conrad, 84 Va. 557, 5 S. E. 545; Barnes v. City of Springfield, 268 Mass. 497, 168 N. E. 78; Ross v. Lipscomb, 83 S. C. 136, 65 S. E. 451; People ex rel. v. Rodgers Co., 277 Ill. 151, 115 N. E. 146; Howe Savings Bank v. Morris, 141 Iowa, 560, 120 N. W. 100; Moran v. Miller, State Fire Marshall, 198 Ind. 429, 153 N. E. 890; Chicago-Sandoval Coal Co. v. Industrial Commission, 301 Ill. 389, 134 N. E. 158; Battle Creek Coal Co. v. Martin, 155 Tenn. 34, 290 S. W. 18; 12 C. J. 773; 6 R. C. L. p. 95.]

■ Notwithstanding claimant is precluded in this proceeding from questioning the constitutionality of the Compensation Act we are constrained to point out that the contention he makes cannot be sustained. The contention is that the Compensation Act creates a judicial tribunal or court, the Workmen's Compensation Commission, and delegates to and vests in it judicial powers in contravention of Sections 1, 22 and 23 of Article 6 of the Constitution. Said Section 1 provides, "the judicial power of the State, as to matters of law and equity, except as in this Constitution otherwise provided, shall be vested" in certain named courts. Section 22 defines the jurisdiction of the circuit court and Section 23 relates to the superintending control of circuit courts over "criminal courts, probate courts, county courts, municipal corporation courts, justices of the peace, and all inferior tribunals in each county in their respective circuits." "The Workmen's Compensation Act of this State is elective. The acceptance of its provisions is entirely optional with both employer and employee. When accepted by them it enters into and becomes an integral part of the contract of employment." [State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 8 S. W. (2d) 897.] "By accepting it the provisions of the act become a part of the contract of employment. . . . It is of the same character as a contract to arbitrate the differences between the employer and the employee." [Kemper v. Gluck, 327 Mo. 733, 39 S. W. (2d) 330.] The commission provided for in the act was designed as an administrative agency to carry the provisions of the act into effect. The act being elective it is operative only as to those who choose to come within its terms and in administering the act the commission becomes a board of arbitration by agreement. Thus "under the sanction of an agreement to which all persons affected are parties" (Hunter v. Colfax Coal Co., 175 Iowa, 245, 154 N. W. 1037) the commission is empowered by the Compensation Act to ascertain and determine certain questions of fact and apply the terms and provisions of the act

thereto. ■ "The commission is not invested with judicial power in the sense in which that term is used" in the Constitution. [State ex rel. Brewen-Clark Syrup Co. v. Mo. Workmen's Compensation Commission, supra, and DeMay v. Liberty Foundry Co., 327 Mo. 495, 37 S. W. (2d) 640.] We do not consider the commission a court and we have held that the Compensation Act does not vest it with judicial power in a constitutional sense. [State ex rel. Brewen-Clark Syrup Co. v. Workmen's Compensation Commission, supra; DeMay v. Liberty Foundry Co., supra; Waterman v. Chicago Bridge and Iron Works (Mo. Sup), 41 S. W. (2d) 575.] It has no power to authoritatively expound any principle of law or equity or to enforce its orders. Its awards are not enforceable by execution or other process until judgment is entered thereon in the circuit court. We deem the citation here of the numerous authorities unnecessary. They will be found by reference to the DeMay case, supra.

The judgment of the circuit court is reversed. *Sturgis* and *Hyde*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.