**Joseph BANKS, Respondent,**

v.

**Clint ZWEIFEL,[1] Treasurer of the State of Missouri, Custodian of the Second Injury Fund, Appellant.**

**No. SC 90131.**

Supreme Court of Missouri,
En Banc.

Dec. 1, 2009.

Chris Koster, Attorney General, Kareitha A. Osborne, Assistant Attorney General, for appellant.

Ellen E. Morgan, Law Offices of Ellen E. Morgan, Webster Groves, MO, Daniel J. Walkenhorst, St. Louis, MO, for respondent.

**RICHARD B. TEITELMAN, Judge.**

The Second Injury Fund (fund) appeals from a decision of the Labor and Industrial Relations Commission affirming a decision awarding Joseph Banks permanent total disability benefits. The decision is affirmed.

### FACTS

Joseph Banks was injured in a work-related automobile accident. Banks sued the other driver and settled that case for $100,000. After deducting attorney's fees

1. Since this case was filed, a new state treasurer has taken office. His name is substituted as provided in Rule 52.13(d).

and costs, Banks was left with $54,903.48 in his trust account. Subsequently, an administrative law judge (ALJ) determined that Banks was entitled to permanent total disability benefits from the fund. The ALJ did not award the fund a subrogation interest in Banks' recovery from the other driver. The commission affirmed the decision. The fund appeals.

## ANALYSIS

 The fund asserts that it has a subrogation interest in Banks' third-party recovery. The fund is correct. Although there is no statutory right to subrogation, the fund has an equitable, common-law subrogation interest in a claimant's recovery from a third party. *Cole v. Morris*, 409 S.W.2d 668, 671 (Mo.1966).

The issue then becomes whether the commission or the circuit court has authority to determine the fund's subrogation interest. In *Cole*, the Court remanded the case to the circuit court but directed the court to return the case to the commission for entry of an order. *Id.* at 672. *Cole* is incorrect on this point. The commission is an administrative tribunal with authority to determine questions of fact and to apply provisions of law under the workers' compensation act. *Farmer v. Barlow Truck Lines, Inc.*, 979 S.W.2d 169, 170 (Mo. banc 1998). The workers' compensation act does not vest the commission with the judicial power to "expound any principle of law or equity or to enforce its orders." *Oren v. Swift & Co.*, 330 Mo. 869, 51 S.W.2d 59, 61 (1932). The fund's common-law subrogation interest does not arise under the workers' compensation act. Consequently, the commission has no authority to determine the fund's common-law subrogation interest in Banks' third-party recovery. The circuit court is the proper venue for the fund to assert a subrogation interest.

The decision is affirmed.

All concur.